# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1935 | **DATE** | 11/22/2011 |
| **CASE TITLE** | Oseman-Dean vs. Illinois State Police et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set out below, Defendants' Limited Motion for Reconsideration of the Court's Discovery Ruling [61] is granted in part as follows: The following additional limitation is added to the protective order entered on November 1, 2011: Plaintiff's counsel shall hold defendants' answer to Interrogatory 1, and all copies and excerpts thereof, in a locked container in plaintiff's counsel's office, and shall create and maintain a list of all persons who have access to that container. In all other respects, defendants' motion is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

Interrogatory 1 of plaintiff Jody Oseman-Dean's First Set of Interrogatories is quite broad:

> For the period January 1, 2004 to the present, identify all current and former ISP [Illinois State Police] employees who held the position of master-sergeant and above. State each person's name, gender, their last job title, rank, last known home address, last known work address, last known work and personal e-mail addresses and all last known work and personal phone numbers.

(Defs.' Mot., Ex. A at 1.) That interrogatory was served on July 29, 2011. [Dkt 38 ¶ 3.] When defendants failed to serve answers to plaintiff's discovery, plaintiff moved to compel, requesting that defendants be required to answer all discovery "without objection." (*Id*. at 5.) Because defendants failed to respond to the interrogatories in a timely manner, the court granted plaintiff's request that, pursuant to Federal Rule of Civil Procedure 33(b)(4), defendants be deemed to have waived any objections to the interrogatories unless defendants showed good cause for relief from that waiver. (Order, Sept. 21, 2011.) [Dkt 44.] Defendants were ordered to answer the interrogatories. (*Id*.) As the court explained to plaintiff's counsel, however, defendants' waiver of objections does not mean that the court is required to order compliance with discovery requests that are contrary to Federal Rule of Civil Procedure 26.

Plaintiff subsequently moved to compel defendants to comply with the order. [Dkt 45.] In response, defendants advised the court that their answer to Interrogatory 1 consisted of 90 pages identifying all current and former ISP employees who held the position of master-sergeant and above, but that they did not provide current contact information for safety reasons. [Dkt 55 at 3.] Defendants' answer to Interrogatory 1 includes 3,242 names. (Def.'s Mot. ¶ 5.) Following the hearing on plaintiff's motion, defendants were ordered to produce last known home addresses for those individuals listed in the answer to Interrogatory 1, subject to

**STATEMENT**

the following protective order:

> All information provided by defendants pursuant to this order regarding any person's home address, personnel file information or discipline, except for plaintiff's, will be held by plaintiff's counsel "attorney's eyes only," and will be secured in counsel's office so that access is limited to those people working on this case. The information will be used for this case only and will be returned to the defendants after this case is completed. Plaintiff may move to modify this limitation if necessary.

(Order, Nov. 1, 2011.) [Dkt 56.]

Defendants now ask that the court reconsider requiring them to provide the home addresses for the individuals listed because of security concerns for the police officers and their family members. (Defs.' Mot. ¶ 6.) They suggest the alternative of providing last known work addresses. (*Id*. ¶ 8.) They also ask that they only be required to provide that information for persons with ranks of lieutenant (plaintiff's rank), because persons at the lower rank (master-sergeant) do not compete for the captain position and would not be comparable to plaintiff. (*Id.* ¶ 7.)

Plaintiff's response is interesting. First, plaintiff asks the court to deny defendants' motion, pointing out that the court has already considered defendants' safety concerns and dealt with it in a protective order. (Pl.'s Resp. at 3.) [Dkt 69.] Plaintiff does not respond to defendants' proposal that the names be limited to ranks above master-sergeant.

But, after arguing that the court should not consider defendants' request for reconsideration, plaintiff herself asks the court to reconsider the part of the order that denied requiring defendants to provide the home telephone numbers, as well as the home addresses, for all of the names. Plaintiff says she needs to start contacting potential witnesses, and that home addresses aren't sufficient. (*Id*. at 5.)

Plaintiff goes further. She also asks the court to require defendants to identify from the 3,242 names the persons who fall into six sub-categories, such as "any person on the list who also applied for a promotion between 2004 and 2011 . . . and for whom [certain individuals] played a role in the promotion." (*Id*. at 5.) In effect, plaintiff is asking the court to rewrite Interrogatory 1 to require defendants to research the background information for each of the 3,242 names and to put them into subcategories for plaintiff's use. Presumably, plaintiff makes that request because it is obvious that the list of 3,242 names is of questionable utility.

The court will not do so. Plaintiff drafted Interrogatory 1 and came to court insisting – repeatedly – that the court refuse to entertain defendants' objection that it was overly broad. Plaintiff argued both in writing and before the court that she wanted an answer to Interrogatory 1 as drafted. Indeed, plaintiff repeats in her current response her argument that defendants have waived any overbreadth considerations. (*Id*. at 2.) Plaintiff will now get exactly what she asked for: a list of names, with rank, gender and contact information. The court will not recast Interrogatory 1 into six additional interrogatories requiring additional work by defendants.

The court also will not revisit the issue of compelling telephone numbers and e-mail addresses. That issue was fully discussed at the hearing on November 1, 2011. The court understands defendants' concern about security for police officers and their families, and fails to see any offsetting value of providing plaintiff with 3,242 telephone numbers. Presumably, plaintiff's counsel is not going to start cold-calling 3,242

**STATEMENT**

people. The information that defendants have been ordered to provide will allow plaintiff to follow up on those persons – most likely a small subset – whom plaintiff reasonably believes may have relevant information. The information is also sufficient to attempt service of subpoenas on those persons plaintiff seeks to depose.

As for defendants' request that the home address information not be provided because of concerns for the security of the officers and their families, the court will add the following additional limitation to the protective order previously entered: Plaintiff's counsel shall hold defendants' answer to Interrogatory 1, and all copies and excerpts thereof, in a locked container in plaintiff's counsel's office, and shall create and maintain a list of all persons who have access to that container.

The balance of defendants' motion for reconsideration is denied.

Case: 1:11-cv-01935 Document #: 78 Filed: 11/22/11 Page 3 of 3 PageID #:510

11C1935 Oseman-Dean vs. Illinois State Police et al. Page 3 of 3