# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1935 | **DATE** | 12/19/2011 |
| **CASE TITLE** | Oseman-Dean vs. Illinois State Police et al. | | |

**DOCKET ENTRY TEXT**

The remaining disputes on Plaintiff's Motion to Compel [47] are ruled upon as set out below. This concludes all matters regarding that motion.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

### BACKGROUND

Plaintiff Jody Oseman-Dean claims that in 2009, when she was a lieutenant in the Illinois State Police ("ISP"), she was passed over for a promotion to captain because of her gender. She alleges that she was better qualified than the person (a male) who was chosen for the promotion. Plaintiff also alleges that the ISP retaliated against her for complaining to the ISP Equal Employment Opportunity ("EEO") by lowering her annual job performance review ratings and undermining her position of authority in the workplace. (Compl.) [Dkt 1.]

Defendants filed a motion to dismiss, which was granted in part. (Order, July 11, 2011.) [Dkt 35.] The District Judge initially ordered discovery to close on January 10, 2012, and subsequently extended it to February 6, 2012, but noted that was a final extension. [Dkt 18, 72.]

On July 29, 2011, plaintiff served 17 interrogatories and 52 document requests on the defendants. (Pl.'s Mot. ¶ 2, Ex. B; Defs.' Resp. Opp'n ¶ 2.) [Dkt 47, 53.] When defendants failed to serve timely responses, plaintiff moved to compel, and this court ordered defendants to serve responses to discovery and any documents they had located by Sept. 30, 2011. [Dkt 44.] Defendants state that they produced 1500 documents on September 30, 2011, and by October 31, had produced approximately 1500 additional documents. (Defs.' Resp. Opp'n ¶ 5.) Plaintiff was dissatisfied with defendants' responses and filed two motions to compel, including the subject motion, on October 24, 2011. [Dkt 45, 47.]

This court has held seven hearings – some quite lengthy – on plaintiff's motions since they were referred on October 25, 2011. Plaintiff's discovery requests are not only many in number, they are also extremely broad. (*See e.g.* Order, Nov. 22, 2011 [dkt 78] regarding plaintiff's interrogatory that produced a response of 3,242 names.) The court has repeatedly urged the parties to narrow the disputes and focus on the discovery most likely

to be fruitful, particularly in light of the fast-approaching discovery cut-off. With a few exceptions, however, plaintiff has resisted any significant narrowing, requiring the court to conduct hearings on the parties' disputes about almost every one of plaintiff's many discovery requests.

A few examples illustrate the problem. One of plaintiff's 52 document requests originally asked defendants to produce all emails for the past seven years (from 2004 through the present) sent or received by eight individuals, on any device owned or operated by the ISP or on a personal electronic device, that contain *any* of the following words: retaliat!; bitc!; discrimin!; PMS; girl; chick; aggressive!; domin!; dumb; sissy; pussy; confiden!; abrasiv!; sarcastic!; confrontation!; inspir!; or harsh! (Pl.'s Mot., Ex.B, Request 25.)[1] That request was obviously overbroad and not reasonably calculated to lead to admissible evidence regarding the claims or defenses in this case. *See* Fed. R. Civ. P. 26(b)(1). It would, for example, pull up every email on any subject whatsoever that was marked "confidential" or contained that word.

After expressing concern about the overbreadth of plaintiff's requests, the court directed the parties to submit realistic proposals for discovery of electronically stored information (ESI). (Order, Nov. 3, 2011.) [Dkt 57.] Plaintiff's sole proposed modification of her Request 25 was to withdraw five of the proposed terms. (Pl.'s Proposal on E-Disc. at 11-12.) [Dkt 58.] Thus, plaintiff continued to request that defendants search of all of the messages sent or received by eight individuals – on the individual's personal devices as well as the ISP's systems -- for the past seven years, for any messages that included, for example, the word "dumb," or "harsh!" or "discrimin!" whether or not those emails had any relationship to the plaintiff or any aspect of her claims.

This court denied plaintiff's request that defendants conduct an extensive hunt for messages so unrelated to this lawsuit. Plaintiff's Request 25 sought to compel the defendants to produce any messages that contain words that, in the *plaintiff's* opinion, may "refer[ ] to women in stereotypical terms" (Pl.'s Proposal on E-Disc. at 12), even though the messages may have no relation to the plaintiff or to her claims. Many of the words in Request 25 appear in common usage in many contexts completely unrelated to plaintiff and having nothing to do with stereotyping women (*e.g.*, "harsh," "aggres!"). Furthermore, plaintiff requested not only work-related messages but also private messages, and not only *from* the individuals, but personal messages *to* the individuals – messages, for example, from friends, family, parents, or spouses. Such messages do not even rise to the level of "stray remarks." Importantly, that would be a substantial intrusion on the privacy of individuals unrelated to this lawsuit. The court would not compel such a search in the days of paper correspondence; the fact that ESI can be searched more easily for individual words does not make the search less intrusive or more relevant.

As another example, plaintiff originally sought email for the past seven years from or to any of the defendants, any person named in the parties' Rule 26 disclosures, or any employee who worked in the ISP's EEO office that contained the terms "Jody," "Oseman," "Dean," or "Oseman-Dean." (Pl.'s Mot., Ex. B, Request 19.) Plaintiff brushed off defendants' concern that the search would generate email to or about other persons named "Jody" by saying that plaintiff would review all the "hits" to cull those related to plaintiff. (Pl.'s Proposal on E-Disc. at 7-8.) Defendants point out, however, that there are legitimate law enforcement concerns about turning over to plaintiff emails to, from, or relating to former Chicago Police Superintendent Jody Weiss, for example. (Defs.' Resp. to Pl.'s E-Disc. Proposal at 6.) [Dkt 65.]

Defendants stress that their attorneys must review all materials before they are produced in discovery to protect the privacy of persons who have contact with the ISP and are not involved in this lawsuit, including witnesses, investigative sources and the like, and to avoid interfering with and compromising ISP criminal investigations and other law enforcement sensitive procedures. (*Id.* at 3-4.) That is a legitimate factor in evaluating the burden imposed on the defendants by plaintiff's discovery requests. This court entered an order

## STATEMENT

under Federal Rule of Evidence 502 (d) [dkt 77], but that does not resolve the defendants' concern about releasing, even to plaintiff's counsel, information that would compromise law enforcement.

Over the course of the hearings, the court ruled, *inter alia,* that: defendants would not have to search for ESI earlier than 2007 (two years before the events in question); the search would be limited to the email of specific persons, not the entire ISP; and that the search terms had to be in some way related to this case, for example, by linking two words in a single search, but could not be single adjectives like "harsh." At the hearing of November 22, 2011, plaintiff identified specific email accounts to be searched and the parties were directed to attempt to agree on reasonable search terms.[2]

At the hearing on November 30, 2011, the parties announced that they had reached an agreement on many of plaintiff's requests, that they were still discussing two, and that they were at an impasse as to twelve others. At the hearing on December 7, 2011, the parties added a thirteenth request to the impasse list. The parties had each submitted two briefs to the court on the disputed requests, and the court has heard from the parties at seven hearings, so further argument or briefing is unnecessary. This decision rules on the remaining disputed requests.[3]

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Importantly, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." *Id.* That rule, in turn, requires a court on a motion or on its own, to limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

## RULINGS ON DISPUTED REQUESTS

Request 5:

> For each person identified in each party's Rule 26 disclosures, each defendant and Joe Micci, produce all of his or her personnel file, human resources file, EEO file, DII file and legal file, as well as all (to the extent these documents are not contained in the aforementioned files) performance reviews, and documents related to any compliance issue, discipline, investigation that involved them in any way, or any complaint by or against him or her.

Defendants have agreed to produce any EEO files, personnel files, and DII (Department of Internal Investigations) files for any party to the case. Plaintiff does not accept defendants' limitation, but rather seeks

| STATEMENT |
|---|

the listed files for each witness who will be deposed or who is included on a witness list to testify at trial

Plaintiff is asking, in essence, for all the personal information the ISP maintains about any one who may testify in this case in any capacity. That request is a substantial invasion of the privacy of individuals who may have only a minor role in this lawsuit. Personnel and human resources files, for example, typically include information about medical insurance and medical treatment not only of the employee but also of other family members. Likewise, the request is not limited to topics that may be relevant to this lawsuit. For example, complaints "by or against" a witness or defendant may be totally unrelated to this lawsuit.

Plaintiff's only argument as to why she should be entitled to such extensive information about any witness is that the files "might bear on the motive or bias of witnesses and provide necessary background information to prepare for depositions." (Pl.'s Mot. 9.) However, discovery must be "*reasonably calculated* to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (emphasis added). Plaintiff's request to rummage around through all of the information the ISP has on any potential witness in the hope that something might turn up is not "calculated" at all, let alone "reasonably calculated."

In addition to the files defendants have agreed to provide about the parties to this lawsuit, plaintiff is obtaining information about EEO complaints filed against the defendants and other key figures in this lawsuit who were identified at the hearing on November 22, 2011. (*See supra* n. 2.) The court will not require additional compliance with plaintiff's overly broad Request 5.

Ruling: Plaintiff's motion to compel more than defendants have agreed to provide is denied as to Request 5.

Request 22:

> For the period January 1, 2000 to the present, all notes, summaries or other documents related to interviews (whether conducted by the ISP's EEO office, DII or by any other part of the ISP) of any of the following: Marc Maton, Harold Nelson, Michael Cooke, Robert Haley, Delia Diamond, Bridget Bertrand, Jody Oseman-Dean, Sue Jansky, Jonathan Monken, Pat Keen, Kenneth Kaupas, Luis Tigera, Patrick Keen, Edward Baker and Jack Garcia.

In her motion, plaintiff apparently narrowed this request, saying that she seeks all documents related to EEO or DII interviews the parties and witnesses gave from 2000 to present. (Pl.'s Mot at 10.)

Defendants' objection to Request 22 states, in part, that "[t]here is no filing system in place which would allow ISP to search for interviews or documentation related to interviews of individuals. As such, in order to comply with this discovery request would require ISP to manually review each and every EEO file and DII file to determine if any of the individuals identified in this request were interviewed in connection with a particular file." (Pl.'s Mot., Ex. B, Resp. 22.)

Plaintiff's Request 22 would, therefore, require a manual review of the content of all EEO and DII files, no matter what the subject matter, for the past 11 years, for the *possibility* that one of the named people might have given an interview on *some* topic no matter how unrelated to plaintiff's claims. Plaintiff's argument for requiring defendants to undertake such a burden is that "[p]laintiff's theory of the case is that ISP launches investigations into employees who file EEO reports. Request 22 is aimed at developing evidence to support this claim." (Pl.'s Mot. at 10.) But it is not apparent how such evidence would be obtained from the materials sought in Request 22.

# STATEMENT

Most of the individuals listed in the request are on the e-mail search list identified at the hearing on November 22, 2011, because they had some role in the promotion decision at issue or were involved in the allegedly retaliatory ratings decision about plaintiff. Defendants will be providing a list of any EEO complaints against those persons since 2003 by nature of complaint. (*See* Order, Nov. 23, 2011.) [Dkt 80.] That will enable plaintiff to focus on those complaints, if any, that may relate to her claims.

Ruling: Plaintiff's motion to compel is denied as to Request 22.

Requests 23 and 24

> 23. All documents related to any complaints made to the ISP EEO office regarding Edward Baker, including all interview notes, reports, the complete EEO file, any DII file, correspondence, memoranda, notes and emails.
>
> 24. All documents related to Jack Garcia's involvement in the ISP EEO's office investigation of a complaint about Edward Baker, including all interview notes, reports, the complete EEO file, any DIl file, correspondence, memoranda, notes and emails.

In addition to objecting to the overbreadth and burden of the request, defendants object because Edward Baker is not implicated in plaintiff's allegations. (Pl.'s Mot., Ex. B, Resp. 23.) In fact, neither Edward Baker nor Jack Garcia is mentioned in plaintiff's complaint. Plaintiff's motion does not explain why Mr. Baker or Mr. Garcia are related to her claims but simply states that "[p]laintiff has reason to believe that Garcia actively impeded the EEO office's investigations into allegations made against Baker. . . . [The] ISP has continued to promote Garcia." (Pl.'s Mot. at 10.)

Plaintiff has failed to show that the information sought in Requests 23 and 24 is relevant to any claim or defense in this case. There is no allegation in plaintiff's complaint that Mr. Garcia or anyone else impeded the EEO office's investigation of plaintiff's complaint.

Ruling: Plaintiff's motion is denied as to Requests 23 and 24.

Request 28:

> Identify all documents related to Interrogatory No. 4, including but not limited to EEO files, DII files, legal files, memoranda, interview notes, correspondence, logs, exit interviews, notes, letters and e-mails.

Interrogatory 4, in turn, requests:

> For the period 2000 to the present, identify all persons who raised a concern or complaint (whether verbally or in writing) with the ISP's EEO office and who later was investigated by the ISP's EEO office, investigated by DII, investigated by any other arm of the ISP or was disciplined. Provide each person's name, their last job title, last known home address, last known work address, last known work and personal e-mail addresses and all last known work and personal phone numbers. (Pl.'s Proposal on E-Disc., Ex. A at 4.)

Defendants responded to Interrogatory 4 by saying that they would provide the information on a rolling basis because the DII office must manually cross-check its files to locate any investigations of persons who complained to the EEO office. (Defs.' Limited Mot. Recons., Ex. A, Resp. 4.) [Dkt 61.] Understandably, that information takes time to assemble and collate.

Defendants object to Request 28 on the ground that it is overly broad and unduly burdensome, and not related to plaintiff's claims. (Pl.'s Mot., Ex. B, Resp. 28.) Defendants are correct that plaintiff's complaint does not allege retaliation against her in the form of an investigation or discipline by DII or any other arm of the ISP. Plaintiff alleges that the retaliation against her took the form of lower job performance reviews and the fact that Captain Cooke (the male who received the promotion sought by plaintiff) stopped communicating with her.

Defendants are also correct that the request for documents "related to" Interrogatory 4 is both vague and overbroad. Defendants are preparing a list of persons who complained to EEO and later were investigated by DII. At this time, the court will not require defendants to search for documents sought in Request 28. This ruling is without prejudice to plaintiff's making a showing that, as to specific individuals, the circumstances of their complaint and subsequent investigation are likely to lead to admissible evidence about plaintiff's claims, so as to justify production of those individuals' EEO and disciplinary files.

Ruling: Plaintiff's motion is denied as to Request 28 without prejudice as to a future request by plaintiff regarding specific individuals.

Request 33:

> For the period January 1, 2004 to the present, all documents submitted to the IDHR, including but not limited to position statements, documents supporting position statements, quarterly reports, documents supporting quarterly reports and annual reports.

Defendants have agreed to produce the ISP's response to the IDHR in connection with plaintiff's claim, but otherwise object that the request is overbroad both in time and scope, lacking in relevance to plaintiff's claim, and would impose a burden not in proportion to the claim at issue. (Pl.'s Mot., Ex. B, Resp. 33.) Plaintiff's motion narrows Request 33 to "all documents submitted to the IDHR related to charges of gender discrimination, sexual harassment, and retaliation, and general reports submitted to the IDHR." (Pl.'s Mot. at 11.)

As quoted above, Rule 26(b)(2)(c)(iii) requires a court to limit the frequency or extent of discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

The court agrees with defendants that the burden of searching the ISP files for every piece of paper submitted to the IDHR since 2004 related to any claim of gender discrimination, sexual harassment or retaliation, and reviewing those papers for privileges and confidentiality concerns, outweighs any likely benefit in this case. Although plaintiff argues that the discovery may be used to support her "pattern and practice claim" (Pl.'s Mot. at 11), plaintiff does not have a separate "pattern and practice claim." This is a single plaintiff case; it is not a class action. Plaintiff's allegations of pattern and practice consist of conclusory statements in her complaint alleged on information and belief. (*See* Compl. ¶¶ 34, 35, 53, 54.) Even assuming, *arguendo,* that evidence of a pattern and practice of discrimination could be used to support a claim of discrimination in a single plaintiff case, Rule 26(b)(2)(c)(iii) mandates that the court not allow the tail to wag the dog in discovery.

It is not clear what plaintiff means by "general reports" submitted to IDHR, but if the ISP has submitted annual or quarterly reports to IDHR, the burden of producing those would be much less. If such reports are prepared, they would presumably give plaintiff some information about whether her allegation of pattern and practice has any factual support.

Ruling: Plaintiff's motion as to Request 33 is granted in part and denied in part. Defendants shall produce any annual or quarterly general reports that have been submitted to IDHR in the ordinary course from 2004 to present, as well as documents submitted to IDHR concerning plaintiff's complaint to IDHR. In all other respects, plaintiff's motion as to Request 33 is denied.

Request 34:

> From January 1, 2004 to present, all documents related to the number of women in the ISP, the recruiting of women into the ISP or the promotion of women within the ISP, including but not limited to reports, studies, analyses, correspondence, memoranda, notes and emails.

Defendants object to this request as temporally, geographically and topically overbroad, as well as unduly burdensome. (Pl.'s Mot., Ex. B, Resp. 34.) The court agrees that the request goes too far in requesting a search for "correspondence, notes, memoranda and emails" "related to" the number, recruiting or promotion of women in the ISP. However, if there are reports, studies or analyses that have been done on those topics, production of those does not appear to be unduly burdensome.

Ruling: Plaintiff's motion as to Request 34 is granted in part and denied in part. Defendants shall produce any reports, studies or analyses concerning the number, recruiting or promotion of women in the ISP from 2004 to present. In all other respects, plaintiff's motion as to Request 34 is denied.

Request 37:

> From January 1, 2004 to present, any promotion lists that were in effect for any rank position.

Plaintiff has agreed to limit this to the positions of captain, lieutenant, and master-sergeant. Defendants have agreed to produce the lists for the position of captain (the position that plaintiff sought) for 2004 to present, and assert that any additional production would be overbroad and not relevant to plaintiff's claim.

Plaintiff argues that defendants' production of only the captain lists unduly restricts her theory that ISP denies women promotion to all rank positions, not just captain. (Pl.'s Mot. at 11-12.) A problem with plaintiff's argument is that plaintiff *was* promoted to lieutenant; she alleges that in her 25-year career with the ISP she rose through the ranks from patrol officer to lieutenant. (Compl. ¶ 4.) Her claim is that she was denied promotion to captain. It is hard to see how promotion decisions with respect to lower ranks (which are likely to have different selection criteria) are going to lead to admissible evidence about the decision to deny plaintiff's promotion to captain. Certainly, the benefit does not outweigh the burden.

Ruling: Plaintiff's motion to compel more than defendants have agreed to provide is denied as to Request 37.

Request 38:

From January 1, 2004 to present, any document announcing the name of the person who was appointed to fill a vacancy in any rank position or other command position, either temporarily, on an interim basis, or permanently.

Defendants object to the geographical and temporal overbreadth of the request as seeking documents unrelated to plaintiff's claim. Defendants also state that the information is not in their custody but rather with the Shared Services Program. (Pl.'s Mot., Ex. B, Resp. 38.) Plaintiff has agreed to limit this request to captain, lieutenant and master sergeant ranks, but argues that the information is relevant to her theory of discrimination, in that ISP can hire a preferred candidate by appointing people and thereby avoiding the interview and selection process.

Defendants' objection is sustained. This request is simply too unrelated to plaintiff's claims in this case to justify the significant burden that would be imposed in the effort to locate "every document" announcing the appointment of any person, no matter how temporarily, for any vacancy in the captain, lieutenant and master sergeant ranks of the ISP, for the past seven years. Plaintiff's single person gender discrimination claim is not a license to investigate every hiring or appointment decision made by ISP in the past seven years.

Ruling: Plaintiff's motion as to Request 38 is denied.

Requests 41, 42, 44 and 45:

These requests ask the ISP to turn over virtually all documents relating to any claim of sex or gender discrimination or retaliation for the past seven years, no matter where the claim arose or against whom the claim was made.

Request 41: For the period January 1, 2004 to the present, produce all charges of discrimination filed at the EEOC or any state or local governmental agency made by or on behalf of any employee alleging (i) discrimination based on sex or gender; or (ii) retaliation on any basis. Please also produce any documents related to such a charge, including but not limited to position statements, correspondence, emails, settlement agreements, documents the ISP sent to any government agency, investigative reports or memos related to internal investigations, interview notes, notes of any investigator, data, correspondence, complaint logs, exit interviews, e-mails, letters and memoranda.

Request 42. For the period. January 1, 2004 to the present, and for each action filed in any court, arbitration or other tribunal alleging (i) discrimination based on sex or gender; or (ii) retaliation on any basis, produce a copy of the pleadings, discovery answers (for each party), transcripts, declarations and affidavits.

Request 44. For the period January 1, 2004 to the present, produce all documents reflecting any investigation and/or responsive action taken by the ISP related to a complaint of unfair treatment based on sex or gender, including but not limited to reports, interview notes, notes of any investigator, correspondence, complaint logs, e-mails and memoranda.

Request 45. For the period January 1, 2004 to the present, produce all documents reflecting any investigation and/or responsive action taken by the ISP related to a complaint of retaliation, including but not limited to reports, interview notes, notes of any investigator, correspondence,

## STATEMENT

complaint logs, e-mails and memoranda.

Defendants object to the geographical and temporal overbreadth of these requests as seeking documents unrelated to plaintiff's claim. Defendants also state that the information is is in the ISP's Legal Office, and would involve a time-consuming review for privilege and other confidential information. (Pl.'s Mot., Ex. B, Resps. 41, 42, 44, 45.) Plaintiff argues that she is looking for circumstantial evidence of intent, as well as developing her pattern and practice claim and "challeng[ing] the efficacy of ISP's EEO program." (Pl.'s Mot. at 12.)

The court agrees with defendants that these requests are far too broad and overly burdensome, individually and collectively, in relationship to the narrow nature of plaintiff's claims here. They are not "reasonably calculated" to lead to admissible evidence, as Rule 26(b)(1) requires, about whether the decision-makers in her situation had a discriminatory or retaliatory intent. Instead, defendants shall provide a copy of any complaint filed against any of the individual defendants alleging sex or gender discrimination or retaliation that was filed with the EEO or in any state or federal lawsuit or agency proceeding. If no copy of the complaint is available, defendants shall identify the caption of the proceeding. That will give plaintiff information about these defendants that will allow her to explore possible evidence of their intent.

Ruling: Plaintiff's motion as to Requests 41, 42, 44 and 45 is granted in part and denied in part. Defendants shall provide a copy of any complaint filed against any of the individual defendants alleging sex or gender discrimination or retaliation that was filed with the EEO or in any state or federal lawsuit or agency proceeding. If no copy of the complaint is available, defendants shall identify the caption of the proceeding. In all other respects, plaintiff's motion is denied.

---

1. The court understands the "!" to mean a search for the core word part and any additional letters. For example, a search for "discrimin!" would also bring up email containing the words "discriminate," "discriminating," "discrimination," etc.

2. The persons on the e-mail search list are: Marc Matson, Harold Nelson, Michael Cooke, Robert Haley, Jonathon Monken, Suzanne Janski, Patrick Keen, Delia Diamond, Kenneth Kaupas, Dan Roach, Louis Titera, and Colonel Sneider.

3. For reference, plaintiff's requests and defendants' responses are set out in Defendants' Answers and Objections to Plaintiff's First Request for Production of Documents, which is attached as Exhibit B to plaintiff's motion.