**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JODY OSEMAN-DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 C 01935 |
| v. | ) | |
| | ) | Judge Suzanne B. Conlon |
| ILLINOIS STATE POLICE, MARK MATON, | ) | |
| HAROLD NELSON, MICHAEL COOKE, and | ) | |
| ROBERT HALEY, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO THIS COURT'S ORDER**
**DATED DECEMBER 19, 2011 AND FED. R. CIV. P. 30(d)(2)**

Plaintiff Jody Oseman-Dean, by and through her attorneys, moves this Court for sanctions under this Court's order dated December 19, 2011. That order, a copy of which is attached as Exhibit A, stated that the failure of counsel to cooperate or comply with discovery responsibilities may be grounds for sanctions. Plaintiff also moves for such sanctions pursuant to Fed. R. Civ. P. 30(d)(2) due to counsels' improper conduct during the depositions of January 4 and 6, 2012. In support of her motion, plaintiff states:

1.      Plaintiff Jody Oseman-Dean, a former lieutenant in the Illinois State Police ("ISP"), has alleged failure to promote and retaliation claims against the ISP and certain individual defendants. Plaintiff alleges that she is not the only woman to be passed over for promotion and, in fact, it is a widespread practice for the ISP to promote men over better qualified female officers.

2.      Plaintiff has been taking depositions of the defendants and witnesses. Defendants' and third party witnesses' counsel have now taken the position that their clients do

not have to answer any questions related to other promotion decisions – either decisions in which they were personally involved, or in the case of one witness, a decision in which she appears to have been passed over for promotion under circumstances strikingly similar to those alleged by plaintiff. Counsel have taken the position that Magistrate Judge Brown issued a ruling limiting the scope of deposition testimony, when in fact all previous rulings by Judge Brown were made on limited referrals by the district court to Judge Brown on plaintiff's motions to compel specific interrogatory and production responses.

3.      On January 4, 2012, plaintiff attempted to take the deposition of third-party witness Sue Jansky, who served on the interview panel that deemed plaintiff highly qualified for promotion. As a courtesy to the witness, plaintiff's counsel traveled to Bloomington, Illinois to take the deposition. Witness Jansky, as well as other third-party witnesses in this matter, are represented by Deborah Allen, an attorney with the Illinois Attorney General's office.

4.      Plaintiff's counsel began the deposition by asking witness Jansky questions about her own employment history with the Illinois State Police. The witness was cooperative and was answering all questions. However, Ms. Allen almost immediately began inserting herself into the deposition process through repeated, speaking objections and, ultimately, by instructing the witness not to answer questions related to Capt. Jansky's own experience in being passed over for promotion when she applied to be promoted to ISP District 6 Commander, despite past experience serving as acting District 6 Acting Commander. *See* Exh. B at 14-16.

5.      That situation – of being passed over for District Commander in favor of a male, even though she had already served as acting commander – is strikingly similar to what happened to plaintiff (although for plaintiff, the position at issue is District 5 Commander) – and an

2

appropriate topic of oral discovery. Ms. Allen's conduct - which included directing comments and questions at plaintiff's counsel and instructing her client not to answer – was improper under Fed. R. Civ. P. 30(c)(2). Plaintiff's counsel stated that no rulings regarding the scope of deposition testimony generally, let alone with regard to Ms. Jansky in particular, had been made by the court in this case. *See* Exh. B at 15-16; 35-36. Accordingly, under Fed. R. Civ. P. 30(d)(3), attorney Allen could make her objections for the record, but could only instruct the witness not to answer in order to preserve a privilege. Ms. Allen stated that the witness would not answer any questions related to her experience, or what she knew about the circumstances of other female ISP officers other than plaintiff. Given Ms. Allen's unilateral declaration to limit the scope of the witness's testimony to matters that she considered relevant, plaintiff adjourned the deposition to file this motion. *See* Exh. B at 35-36.

6.      Two days later, on January 6, 2012, plaintiff attempted to take the deposition of defendant Marc Maton, who is represented by defense counsel Scott Velasquez, also of the Illinois Attorney General's office. Mr. Velasquez instructed Mr. Maton not to answer questions related to another promotion decision in which he – Mr. Maton, a named defendant – was involved in which a woman received a promotion to captain under what appear to be suspicious circumstances. Mr. Velasquez stated he would not permit defendant Maton to answer any questions about other promotions in which he was involved. *See* Exh. C. This is not the first time Mr. Velasquez's conduct has impeded a deposition. On December 27, 2011, Judge Hibbler, the acting emergency judge, ordered Mr. Velasquez to cease from making speaking and suggestive objections and threatening to instruct the witness not to answer questions. *See* Exh. D, Dkt. 102-103.

7.      The instructions by counsel not to answer questions about the promotions of other ISP police officers (including the witnesses themselves) were improper. Under Fed. R. Civ. P. 30(c)(2), "a person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." The attorneys' refusal to allow witness Jansky and defendant Maton to answer the questions did not meet any of these requirements.

8.      First, plaintiff's questions about past promotions to the rank of captain – which is the rank she sought – did not call for privileged information.

9.      Second, counsel were improper in their false assertion that Judge Brown's orders limited the scope of oral discovery. Northern District of Illinois,  IOP14, "Magistrate Judges: Referrals & Recusals" specifically states: "A judge may refer a civil case to the designated magistrate judge pursuant to LR72.1 and LCrR50.3(d).  In such instances, the judge shall specify any issue being referred to the magistrate judge."

10.      In this case, the only referral to Magistrate Judge Brown on which she has issued any orders was limited to plaintiff's motions to compel regarding certain interrogatories and production requests. *See* Dkt. 51, October 25 Rule 72.1 referral limited to Dkt. items 45, 47. Consequently, the only orders issued by Magistrate Judge Brown have been related to those interrogatory and production requests plaintiff sought to compel.

11.      Plaintiff is not aware of a single case, nor have defense counsel or third party counsel ever called to her attention a case, holding that a magistrate who receives a referral limited to a motion to compel an interrogatory or production responses has within her jurisdiction the authority to issue an order that limits the topics for oral discovery. Indeed, this position

4

directly contradicts Local Rule 72.1 and IOP 14 regarding limited referrals. Accordingly, none of Magistrate Brown's orders refers to anything other than the document production and interrogatory requests that were before her, nor do any of the orders indicate that Judge Brown is attempting to exercise authority beyond the scope of the referral made to her.

12.     Indeed, the third-party witnesses were not even parties to the motions to compel that were referred to Magistrate Judge Brown so she would not even have had occasion to consider what might be the proper scope of inquiry from third parties.

13.     Thus, third-party and defense counsel's position that Judge Brown's rulings limited the topics for oral discovery is unfounded. Furthermore, they have neither sought nor obtained a protective order on the scope of deposition testimony.[1] And any attempt by counsel to seek a protective order at this juncture does not excuse the improper conduct under Rule 30(c)(2). *See Medline Indus. v. Sullivan*, 2009 U.S. Dist. LEXIS 93970 at *7 (N.D. Ill. Oct. 6, 2009) (holding that it is improper for counsel to instruct a witness not to answer and then later move for a protective order in an attempt to excuse the Rule 30 violations).

14.     Instructing a witness not to answer questions outside the strict confines of Fed. R. Civ. P. 30(c)(2) is improper. Thus, in *Smith v. Safety-Kleen Sys.*, No. 10 C 6574, 2011 U.S. Dist. LEXIS 99345 at *2 (N.D. Ill. Sept. 2, 2011) (Conlon, J.), the Court ruled that counsel's instruction to a witness not to answer a deposition question on the basis of foundation and other

---

[1] This court subsequently issued a referral on December 30, 2011 referring only the non-party's motion for a protective order regarding the location and length of depositions, and the defendant's motion for a protective order regarding the topics in plaintiff's 30(b)(6) notice. *See* Dkt. 113, referring only motions Dkt. 104, 107. No hearing, let alone orders, have issued on that referral and of course, none of these motions raises the issue of proper topics for depositions of individual witnesses.

grounds was improper under Fed. R. 30(c)(2). The Court specifically noted that the ultimate admissibility and weight of the information the question sought to elicit was immaterial to whether the witness should have answered the question. *Id.* at *2. *See also Zuniga v. Morris Material Handling, Inc.*, No. 10 C 696, 2011 U.S. Dist. LEXIS 14352 at n. 1 (N.D. Ill. Feb. 14, 2011) (Brown, M.J.) (holding that "a relevance objection is not a proper basis for an instruction not to testify"); *Buonauro v. City of Berwyn*, No. 08 C 6687, 2011 U.S. Dist. LEXIS 3387 at n. 2 (N.D. Ill. Jan 10, 2011) (Ashman, M.J.) (holding the counsel's instruction to witness not to answer deposition question on relevance grounds was improper because relevance is not a proper ground for such an instruction under Fed. R. Civ. P. 30(c)(2)); *NDK Crystal, Inc. v. Nipponkoa Inc. Co.*, 2011 U.S. Dist. LEXIS 1050 at *7 (N.D. Ill. Jan. 4, 2011) (Ashman, M.J.) (holding that counsel's instruction to witness not to answer question was improper where there was no prior restriction on that deponent's testimony before the court and where counsel did not bring motion pursuant to Fed. R. Civ. P. 30(d)(3); *Ins. Co. of N. Am. v. Clean Harbors Envtl. Serv.*, No. 08 C 2180, 2010 U.S. Dist. LEXIS 83989 at **6-7 (N.D. Ill. Aug. 17, 2010) (Darrah, J.) (noting that "[t]he rule [on instructing a witness not to answer] is clear: unless the attorney claims the question calls for privileged information, the attorney must only state the objection and then allow the client to answer.")          .

15.     Indeed, counsels' contention that plaintiff cannot inquire into promotion decisions other than her own, or is in some way limited in her oral discovery on this topic, is starkly improper. It is well-settled  – and indeed was reiterated by the Seventh Circuit on the very same day as Marc Maton's deposition January 6 deposition at which counsel improperly instructed his client not to answer such questions  – that a plaintiff can establish employment discrimination by

comparing herself to other employees. *See Coleman v. Donahue,* Slip op. No. 10-3694 at 12- 28 (7th Cir. January 6, 2012) (reversing summary judgment in the defendant's favor because the district court improperly concluded that other employees were not similarly situated to plaintiff; reiterating that what constitutes a similarly situated employee involves a "flexible, common-sense examination"). And of course, it has also long been resolved that evidence of how others in the protected group are treated is relevant in an employment discrimination case. *See Hasan v. Foley & Lardner LLP*, 552 F.3d 520, 530 n. 4 (7th Cir. 2008) (holding "circumstantial evidence of discrimination...includes behavior toward or comments directed at other employees in the protected group . . . .").

16.     These standards clearly allow that a plaintiff can conduct discovery into other promotions –  not just her own – to discover how other women who sought promotion were treated, and how similarly situated men were treated. Whether and to what extent such evidence is admissible is a question for another day. Defense counsel and counsel for the third party witnesses have impeded plaintiffs' ability to discovery information about these topics. This tactic of obstructing depositions is likely designed to run out the clock on discovery given the scheduling order, with discovery scheduled to conclude on February 6, 2012.

17.     Plaintiff respectfully requests that this Court to admonish counsel from improperly instructing their clients to not answer questions in the further depositions of Ms. Jansky, Mr. Maton or any other witness, and to otherwise comport with the requirements of Fed. R. Civ. P. 30(c)(2), that require counsel to make objections in a "nonargumentative and nonsuggestive manner."

18.    In addition, plaintiff seeks sanctions against counsel due to the fees and costs she has had to expend due to their improper conduct. This Court has the authority to sanction counsel under Rule 30(d)(2), which provides "the court may impose an appropriate sanction - including the reasonable expenses and attorney's fees incurred by any party - on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Indeed, in *Sprecht v. Google, Inc.*, 286 F.R.D. 596, 603 (N.D. Ill. 2010) (J. Leinenweber), the Court awarded $1,000 in sanctions against an attorney "for repeated, blatant violations of Rule 30(c)(2), particularly extensive speaking objections and inappropriate instructions to the witness not to answer questions." *Id.* Similarly, in *Amari Co. v. Burgess*, 2009 U.S. Dist. LEXIS 37240 at *14-15 (N.D. Ill. Apr. 30, 2009) (Ashman, M.J.), the Court ordered the violating attorney to pay the attorney fees associated with a second deposition. *See also Medline Indus. v. Sullivan*, 2009 U.S. Dist. LEXIS 93970 (N.D. Ill. Oct. 6, 2009) (Ashman, M.J.) (ordering violating attorney to cover the costs of filing the motion and the costs and fees associated with a second deposition).

19.    The conduct of Ms. Allen and Mr. Velasquez is particularly troubling given this Court's previous ruling with regard to "litigious or unreasonable conduct." In its December 19, 2011 order, issued after plaintiff sought to extend discovery due to the defendants' and third party witnesses' refusal to appear for noticed depositions or to timely provide alternate dates, (Dkt. 93), this Court refused to extend discovery but ruled:

> **Plaintiff's motion for a second extension of time to complete discovery [93] is denied for lack of good cause. See orders of June 16, 2011 [18] [setting case schedule] and November 15, 2011 [72] [granting final discovery extension]. The failure of counsel to cooperate or to comply with discovery responsibilities may be grounds for sanctions or a preclusion order under Fed. R. Civ. P. 37, but litigious or unreasonable**

8

**conduct is not a basis for another extension of time to complete discovery.**

Dkt. 98.

20.     In light of counsel's violation of Rule 30 and this Court's December 19, 2012 order, plaintiff respectfully requests that this Court sanction Ms. Allen by ordering that Ms. Jansky's second deposition proceed in Chicago (to avoid inconvenience for plaintiff's counsel) and ordering Ms. Allen to pay the court reporter costs and plaintiff's attorney's fees and costs for attending the first, failed deposition in Bloomington. Plaintiff also respectfully requests that this Court sanction Mr. Velasquez by ordering that he pay the court reporter costs and attorney fees related to a continued deposition of defendant Maton.[2] Finally, plaintiff respectfully requests the Court to sanction Ms. Allen and Mr. Velasquez by ordering them to compensate plaintiff's counsel for the costs of preparing this motion and two hours of the attorney time it will take to re-prepare for Ms. Jansky's and Mr. Maton's second depositions.

WHEREFORE, plaintiff respectfully requests this honorable Court to sanction Ms. Allen and Mr. Velasquez by admonishing them to comport with the requirements of Fed. R. Civ. P. 30(c)(2) in any further depositions by refraining from making speaking objections or other objections that are argumentative or suggestive, and by refraining from improperly instructing witnesses to not answer questions. Plaintiff further respectfully requests that this honorable Court sanction Ms. Allen by ordering her to pay the court reporter costs and attorney's fees related to Ms. Jansky's first, failed deposition; sanction Mr. Velasquez by ordering him to pay the court

---

[2] Unlike Ms. Jansky's deposition, which was barely begun before counsel began instructing the witness not to answer, Mr. Maton's deposition was well underway by the time Mr. Velasquez began instructing the witness not to answer questions. Thus, a resumed deposition is expected only to take approximately one hour.

9

reporter costs and attorney fees related to Mr. Maton's resumed deposition; and sanction both

Ms. Allen and Mr. Velasquez by ordering them to pay the attorney's fees and costs associated

with the preparation and hearing on this motion and two hours of attorney's fees to re-prepare for

Ms. Jansky's and Mr. Maton's future second depositions, and, finally to order that Ms. Jansky's

second deposition proceed in Chicago.

Respectfully submitted,

JODY OSEMAN-DEAN

/s/ Johanna J. Raimond
One of her attorneys

| | |
|---|---|
| Johanna J. Raimond | Ruth F. Masters |
| Jessica J. Fayerman | MastersLaw |
| Law Offices of Johanna J. Raimond, Ltd. | 7115 West North Avenue, # 296 |
| 431 S. Dearborn, Ste. 1002 | Oak Park, IL 60302 |
| Chicago, Illinois 60605 | Phone: (708) 445-8031 |
| Phone: (312) 235-6959 | |

## CERTIFICATE OF SERVICE

On January 9, 2012, the undersigned, an attorney, certifies that the following parties received copies of the above filing through the Court's ECF system:

Sylvia Rios
Scott Andrew Velasquez
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, IL 60601

Deborah J. Allen
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, IL 60601

/s/   Johanna J. Raimond