IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jody Oseman-Dean, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11 C 1935 |
| | ) | |
| v. | ) | |
| | ) | Honorable Suzanne B. Conlon |
| Illinois State Police, Marc Maton, | ) | |
| Harold Nelson, Michael Cooke and | ) | Magistrate Judge Geraldine Soat Brown |
| Robert Haley, | ) | |
| | ) | |
| Defendants. | ) | |

### THE NON-PARTY DEPONENTS' MOTION
### TO TERMINATE DEPOSITION AND SECOND MOTION
### FOR A PROTECTIVE ORDER

NOW COME the Non-Party Deponents, DELIA DIAMOND, SUE JANSKY, PATRICK KEEN, JONATHON MONKEN and SUZANNE YOKLEY BOND, by and through their attorney LISA MADIGAN, Illinois Attorney General, and pursuant to Fed.R.Civ.Pro.26(c) and 30(d)(3) move this Honorable Court to terminate the deposition of Captain Suzanne Jansky and for a Protective Order specifying the terms, including limitations upon questioning, of the remaining non-party depositions. The non-party deponents also respectfully request that this Motion be referred to Magistrate Judge Brown because it requires an interpretation of her December 19, 2011 Order (docket no. 96). In support of this Motion the non-party deponents state as follows:

## I. INTRODUCTION

Plaintiff, now retired, sues her former employer, the Illinois State Police, and four of its current or former commanders. Plaintiff's action alleges that in 2009 she was improperly denied a promotion on the basis of gender and thereafter retaliated against when she complained of the supposed discrimination.

Discovery in this matter was referred to the assigned Magistrate, the Honorable Geraldine Soat Brown, on a motion by motion basis. Pursuant to those referrals, Magistrate Brown has heard numerous discovery motions, including motions to compel and has held seven hearings. (*See* docket no. 38, 44, 45, 47, 52, 56, 57, 61, 67, 71, 73, 74, 76, 79, 81, 84, 104, 107).[1] Importantly, among the rulings by Magistrate Brown is a nine (9) page Order entered on December 19, 2011 which set limitations on the scope of discovery in this matter. (*See* 12/19/11 Order, docket no. 96). This Order was entered after seven hearings, "some quite lengthy," an examination of the Plaintiff's written discovery requests, and an examination of the claims in Plaintiff's Complaint. (*See* Order, p. 1, docket no. 96) (a copy of which is attached as Exhibit B). The Court's Order, among other things, holds:

> Although plaintiff argues that the discovery may be used to
> support her "pattern and practice claim" . . . plaintiff does not
> have a separate "pattern and practice claim." This is a single

---

[1] There is also an additional Emergency Motion for Sanctions or to Compel brought by Plaintiff, ten minutes after the non-party deponents filed their First Motion for Protective Order, which Plaintiff has not filed with the Court. Plaintiff's Emergency Motion was denied by Judge Hibbler. (*See* 12/29/11 Order, docket no. 112). The non-party deponents again ask Plaintiff's counsel to file that motion so that the Court record is complete.

> plaintiff case; it is not a class action. Plaintiff's allegations of pattern and practice consist of conclusory statements in her complaint alleged on information and belief . . . Even assuming, *arguendo*, that evidence of a pattern and practice of discrimination could be used to support a claim of discrimination in a single plaintiff case, Rule 26(b)(2)(c)(iii) mandates that the court not allow the tail to wag the dog in discovery.

Order at p. 6

> Plaintiff's single person gender discrimination claim is not a license to investigate every hiring or appointment decision made by ISP in the past seven years.

Order at p. 8

> Plaintiff urges she is looking for circumstantial evidence of intent, as well as developing her pattern and practice claim and "challeng[ing] the efficacy of ISP's EEO program" . . . The court agrees with defendants that these requests are far too broad and overly burdensome, individually and collectively, in relationship to the narrow issue of plaintiff's claims here. They are not "reasonably calculated" to lead to admissible evidence, as Rule 26(b)(1) requires, about whether the decision-makers in her situation had a discriminatory or retaliatory intent.

Order at p. 9

The Court's Order limited the scope of discovery to matters from 2004 forward, at the rank of Captain and in District 5. (*See* 12/19/11 Order, attached as Exhibit B).

Despite the Court's Order, during the deposition of Captain Suzanne Jansky, Plaintiff persisted in asking improper questions that violated the Court's Order:

3

> Q: Did you receive the promotion to captain of District 6 when you first applied for it? (Page 14, lines 23 - 24) [2]
>
> Q: Who did the ISP choose for the District 6 commander position in 1999 around the time you applied for it? (Page 15, lines 20 - 22).
>
> Q: Who received the promotion to District 6 commander at the time you applied for it and did not receive it for the first time? (Page 19, lines 14 - 16).

At first, when Plaintiff's counsel's questions merely called for facts - the names of the different commanders assigned to District 6 - counsel for the deponent objected on the basis of remoteness and relevance (page 9, lines 14-15), and when the questions persisted, asked for a continuing objection so as not to disrupt counsel's questions (page 13, lines 4-5). But when it became apparent that Plaintiff's counsel's focus was going to be on attempting to establish "pattern and practice" evidence (based on these actions that occurred in a different district and in a different region in 1998 - 1999) in violation of the Court's 12/19/11 Order, deponent's counsel instructed the witness not to answer the question (page 15, lines 6-13, 23-25). At that point, Plaintiff's counsel had been questioning Captain Jansky about the men who were promoted to the commander position over her for eight (8) out of the fifteen (15) minutes of the deposition. (Page 8, line 13 - through page 15, line 9). Plaintiff's explanation for her questions was that she was

---

[2] This question and the following line of questions came in response to Captain Jansky's testimony that she began serving as the acting Commander of District 6 in 1998 and that there were three command shuffles in District 6 between 1998 and 1999. (*See* transcript of the deposition of Captain Suzanne Jansky at p. 8, lines 8-16; p. 10, lines 1 & 8-9; p. 12, line 2; p. 14, line 14)(copy attached as Exhibit A).

entitled to question the Captain "about her experience at the Illinois State Police." (Page 42, lines 2-3).

Thereafter, Plaintiff's counsel and counsel for the deponent attempted to discuss the matter, with Plaintiff's counsel insisting that deponent's counsel could not instruct the witness not to answer for any reason other than privilege and could not instruct the witness not to answer based upon the Court's 12/19/11 Order because the Order only applied to written discovery, not oral discovery, (Pages 19, line 19 through page 23, line 10). Thereafter Plaintiff's counsel cross-examined counsel for defendants (who had no control over and had not given the witness any instructions) for seven (7) minutes regarding the matter. (Pages 23, line 11 through page 32, line 19). Further attempts by deponent's counsel to either discuss the Court's Order and its limitation on the scope of discovery or explain her position resulted in Plaintiff's counsel scoffing "are you kidding me?" (Page 34, lines 13 - 14) and leaving the room for twenty-three (23) minutes. (Page 35, lines 16 - 18).

Upon returning, Plaintiff's counsel unilaterally terminated the deposition, refusing to even question the non-party deponent about her involvement in matters related to Plaintiff's claims, like the deponent's participation on the panel that interviewed Plaintiff for the promotion and rated Plaintiff "highly qualified." (Page 42, line 14 through Page 43, line 4). Plaintiff's counsel also refused to attempt to contact the Court to resolve the issue. (Page 43, line 25 through Page 44, line 6).

Counsel for the non-party deponents thus certifies pursuant to Fed.R.Civ.Pro.37(d)(B) that she has in good faith conferred with Plaintiff's counsel, without success, to resolve the issue without court action. Because the parties were unable to find agreement on the appropriateness of Plaintiff's counsel's questions regarding matters occurring in 1998-1999, in a different district and a different region, by different decision-makers, the non-party deponents respectfully request that this Court enter an Order terminating the deposition of non-party deponent Captain Suzanne Jansky. Without grounds to terminate the deposition, or refusing to ask the deponent any questions regarding the subject of Plaintiff's complaint, Plaintiff's counsel forfeited her right to ask further questions of the deponent. The non-party deponents further respectfully request that this Court enter an Order of Protection limiting Plaintiff's counsel's questions to all non-party deponents to matters occurring from 2004 to 2009 in District 5, at the rank of Captain and to any direct participation by the non-party deponents in the matters specifically alleged in Plaintiff's Complaint.

## II. STANDARD

District Courts have substantial discretion to curtail the expense and intrusiveness of discovery. *Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994). Furthermore, this Court has broad discretion when deciding whether to compel discovery and may deny discovery to protect a party from oppression or undue burden. Fed. R.Civ.Pro. 37; *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D.Ind. 2002). Such discretion

should be exercised here where the questions of Plaintiff's counsel violated this Court's Order clarifying and limiting the scope of discovery.

### III. ARGUMENT

**A. Second Motion For Protective Order**

Plaintiff's counsel's repeated assertion that counsel for the deponent cannot instruct the witness not to answer a question for any reason other than attorney-client privilege is mis-placed. Federal Rule of Civil Procedure 30(c)(2) explicitly states:

> A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Plaintiff's counsel's second assertion, that the Court's Order is inapplicable because it applies to written discovery, not oral discovery, is equally flimsy. Under F.R.Civ. Pro. 26 (c) and (d) a court may limit the scope of discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). Any such limitations are equally binding on written discovery as oral discovery because "the scope of document discovery is the same as deposition discovery." *Webb v. CBS Broadcasting, Inc.*, 2011 WL 111615 (N.D.Ill. January 13, 2011) (Brown, Magistrate J.). Both must be limited to that which is relevant to a party's claim or defense. 2011 WL 111615 at *8.

Plaintiff's attempt to "chang[e] the form in which impermissible information is sought to evade an unfavorable ruling does not make the information discoverable, for it

is the underlying reality rather than the form or label that is controlling." *Sommerfield v. City of Chicago*, 613 F.Supp.2d 1004, 1014 (N.D.Ill. 2009)[3] citing *W.B. Worthen Co., ex rel. Board of Commissioners v. Kavanaugh*, 295 U.S., 56, 62, 55 S.Ct. 555, 79 L.Ed 1298 (1935). *See also Electric Bond and Share Co. V. SEC*, 303 U.S. 419, 440, 58 S.Ct. 678, 82 L.Ed. 936 (1938)("It is the substance of what they do, and not the form in which they clothe their transactions, which must afford the test.").

Here, the Court having issued its Order limiting the scope of discovery, the ruling became the law of the case, applicable to all discovery, in any form. *Sommerfield*, 613 F.Supp. at 1014-1015. Plaintiff's counsel's questions suggest that she sees her case as much broader than it is, but "'runaway' discovery that has little relevance to the case" [like counsel's questions to Captain Jansky about matters occurring in 1998-1999 in unrelated District 6] is "excessive, burdensome, unnecessary, and intrusive" and "justifies resorting to court intervention." *Webb v. CBS Broadcasting, Inc.*, 2011 WL 111615 (N.D.Ill. January 13, 2011) (Brown, Magistrate J.). For these reasons, the non-party deponents respectfully request that their Second Motion for Protective Order be granted and an Order entered limiting Plaintiff's counsel's questions to all non-party deponents to matters occurring from 2004 to 2009, in District 5, at the rank of Captain and to any

---

[3] Like the Court here, the Court in *Sommerfield* prohibited Plaintiff from seeking discovery into every complaint of discrimination by anyone in the police department in the last seven years because such discovery is "manifestly overbroad," 613 F.Supp.2d at 1015 and because "victims of discrimination in other Districts are not 'similarly situated' and, because they are not, discovery directed towards what occurred in those Districts would be irrelevant and thus should not be allowed." 613 F.Supp.2d at 1020.

direct participation by the non-party deponents in the matters specifically alleged in Plaintiff's Complaint.

### B. Termination Of The Deposition of Captain Jansky

The unilateral termination of Captain Jansky's deposition was contrary to F.R.Civ.Pro. 30(c)(2) which provides that an objection at the time of examination is to be noted on the record, but the examination still proceeds. *See also NDK Crystal, Inc. Nipponkoa Insurance Co., Ltd.,* 2011 WL 43093, *3 (N.D.Ill. January 4, 2011). An Order terminating a deposition is an appropriate measure when a plaintiff unilaterally adjourns a deposition. *C & F Packing Co, Inc., Doskocil Companies, Inc.,* 126 F.R.D. 662, 674 (N.D.Ill. 1989).

Here, counsel for the deponent gave Plaintiff's counsel every opportunity to proceed with questioning of Captain Jansky on matters other than the shuffling of captains in District 6 in 1998 - 1999. (*See* transcript at page 36, lines 14 - 19) ("I believe, however, there are many other areas of inquiry, particularly your client's lawsuit and this witness' involvement or knowledge of those facts that can be continued on with today. I would ask you to do so. Are you willing to conduct those questions today?") and (transcript at page 42, lines 14 - 20) ("I ask that you simply continue questioning Captain Jansky as to her involvement on the interview panel of your client, what she did in preparation for that, what occurred during that panel interview, and her involvement in anything that occurred after the panel interview. Are you willing to ask those questions

9

of the captain today?")[4] Plaintiff's counsel refused, terminating the deposition without grounds. Having chosen to forego continuation of the deposition, Plaintiff should not now be allowed to maintain she has a right to continue the deposition to a later date, inconveniencing and forcing the non-party deponent to appear a second time, and inconveniencing the schedules of counsel for the deponent and counsel for the defendants. Instead, this Court should find that Plaintiff's counsel has knowingly and deliberately waived the continuation of the deposition and hold that Captain Jansky, having made herself available pursuant to Plaintiff previously, has no obligation to make herself available again. *C & F Packing Co, Inc., Doskocil Companies, Inc.,* 126 F.R.D. 662, 674 (N.D.Ill. 1989). *See also Webb v. CBS Broadcasting, Inc.*, 2011 WL 111615, \* 6 (N.D.Ill. January 13, 2011) (Brown, Magistrate J.).

## IV. CONCLUSION

WHEREFORE the non-party deponents, DELIA DIAMOND, SUE JANSKY, PATRICK KEEN, JONATHON MONKEN and SUZANNE YOKLEY BOND, pray that this Honorable Court grant their Motion for to Terminate the Deposition of Captain Suzanne Jansky and enter an Order terminating the deposition of Captain Suzanne Jansky. The non-party deponents further pray that this Honorable Court grant their Second Motion for Protective Order and enter an Order limiting Plaintiff's counsel's

---

[4] Captain Jansky's sole involvement in the matter is her participation on the panel that interviewed both candidates for the promotion to Commander of District 5. The panel's sole function was to interview both candidates and rate them as "highly qualified," "not qualified," etc. Both Plaintiff and the other candidate were rated by the panel as 'highly qualified."

questions to all non-party deponents to matters occurring from 2004 to 2009, in District 5, at the rank of Captain and to any direct participation by the non-party deponents in the matters specifically alleged in Plaintiff's Complaint.

By:

| | |
|---|---|
| | s/ Deborah J. Allen |
| LISA MADIGAN | DEBORAH J. ALLEN |
| Attorney General | Assistant Attorney General |
| | 100 West Randolph Street, 13th floor |
| | Chicago, Illinois 60601 |
| | (312) 814-3739 |

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a copy of **THE NON-PARTY DEPONENTS' MOTION TO TERMINATE DEPOSITION AND SECOND MOTION FOR PROTECTIVE ORDER** was served, via the Court's ECF filing system on January 9, 2012**,** to the following individual(s):

Johanna J. Raimond
Law Offices of Johanna J. Raimond
431 South Dearborn Street, #1002
Chicago, Illinois 60605
jraimond@raimondlaw.com

Ruth F. Masters
MastersLaw
7115 West North Avenue, #296
Oak Park, IL 60302
rmasters@ruthmasterslaw.com

Scott Velasquez
Assistant Attorney General
Illinois Attorney General's Office
100 W. Randolph St, 13th Floor
Chicago, IL 60601
svelasquez@atg.state.il.us

Sylvia Rios
Assistant Attorney General
Illinois Attorney General's Office
100 W. Randolph St, 13th Floor
Chicago, IL 60601
srios@atg.state.il.us