# EXHIBIT A

Page 1

1                UNITED STATES DISTRICT COURT

2                NORTHERN DISTRICT OF ILLINOIS

3                      EASTERN DIVISION

4    ------------------------------------------------

5    Jody Oseman-Dean,

6

7              Plaintiff,

8

9       vs.                      Case Number 1:2011cv01935

10

11   Illinois State Police, Marc Maton, Harold Nelson,

12   Michael Cooke, Robert Haley,

13

14             Defendants.

15   ------------------------------------------------

16          Deposition of Suzanne Colleen Jansky

17                       Wednesday

18                  January 4th, 2012

19

20                        -at-

21

22              Mueller and Reece, LLC

23              205 North Center Street

24                      Suite 1

25                Bloomington, Illinois

## Page 2

```
 1            APPEARANCES
 2
 3       For the Plaintiff:
 4       Johanna Josie Raimond
 5       Johanna J Raimond, Ltd
 6       431 South Dearborn Street
 7             Suite 1002
 8       Chicago, Illinois 60604
 9
10       For the Defendants:
11       Sylvia Rios
12       Deborah Joyce Allen
13       Illinois Attorney General
14       100 West Randolph Street
15             Thirteenth Floor
16       Chicago, Illinois 60601
17
18       RECORDER:  Good morning, we are now on the
19  record.  Today is Wednesday, January 4th, 2011.  The
20  time is now 10:06 a.m.  We are located at Mueller and
21  Reece, LLC, 205 North Center Street, Suite 1,
22  Bloomington, Illinois 61701, for a deposition in the
23  matter of Jody Oseman-Dean v. Illinois State Police,
24  Marc Maton, Harold Nelson, et al., Case Number
25  1:2011CV01935, venue Northern District of Illinois,
```

## Page 3

```
 1  Eastern Division.  The witness today is Captain    0:00:34
 2  Suzanne, S-U-Z-A-N-N-E, Colleen, C-O-L-L-E-E-N, Jansky,
 3  J-A-N-S-K-Y.  Ms. Jansky, my name is Erin Sloan, I'm a
 4  notary public and am recording this deposition on
 5  behalf of Textnet, Inc.  At this time, would you please
 6  raise your right hand for the oath?
 7             (Witness sworn)
 8       RECORDER:  Thank you.  Would the attorneys
 9  please state their appearances for the record?    0:01:00
10       MS. RAIMOND:  Johanna Raimond on behalf of
11  plaintiff.
12       MS. RIOS:  Sylvia Rios, Attorney General's
13  Office, on behalf of defendants.
14       MS. ALLEN:  Deborah Allen, the Attorney
15  General's Office, on behalf of the deponent, Captain
16  Jansky.
17       RECORDER:  That concludes the required
18  information.  We can proceed.    0:01:13
19             EXAMINATION
20  BY MS. RAIMOND:
21     Q.  Captain Jansky, have you been deposed before?
22     A.  I have.  I was deposed for a civil suit and
23  have had I believe two other depositions, one the
24  deposition didn't actually happen.  It was a dep prep
25  and it never occurred, and the other did occur.
```

## Page 4

```
 1     Q.  Was the deposition that did occur in the
 2  civil suit or a criminal --
 3     A.  Yes.
 4     Q.  What kind of lawsuit?    0:01:39
 5     A.  It was a --
 6       MS. RIOS:  Objection to relevance.
 7       MS. ALLEN:  You can answer.
 8     A.  Pregnancy discrimination.
 9     Q.  Who was the plaintiff in the civil lawsuit
10  regarding pregnancy discrimination?
11       MS. ALLEN:  If I could just have a continuing
12  objection to this line of questions.
13       MS. RAIMOND:  Absolutely.
14       MS. RIOS:  I will -- I'll join.    0:02:00
15     A.  Trooper Tracy Garrett.  That was her --
16  that's her maiden name.
17     Q.  And who's the defendant?
18     A.  I was one.
19     Q.  Anyone else?
20     A.  Yes.  There were two other individually
21  defendants in the department.
22     Q.  And the Illinois State Police as well?
23     A.  Yes, ma'am.
24     Q.  Was Mark Maton involved in that lawsuit?    0:02:35
25     A.  No, ma'am.
```

## Page 5

```
 1     Q.  Pat Keen?
 2     A.  No.
 3     Q.  Harold Nelson?
 4     A.  No.
 5     Q.  And Rob Haley.
 6     A.  No, ma'am.
 7     Q.  Okay.  Jonathan Monken?
 8     A.  No.
 9     Q.  What year was that?
10     A.  1999    0:03:02
11     Q.  Long time ago.  Is that -- that's the only
12  time you testified in a deposition?
13     A.  Yes, ma'am.
14     Q.  You probably testified at -- in court,
15  though.
16     A.  Yes.
17     Q.  Okay.  So you're familiar with the general
18  procedure.
19     A.  I am.
20     Q.  Are you on any medications today?
21     A.  I am not.
22     Q.  Is there anything that would impair your
23  ability to remember or testify truthfully?
24     A.  Just age.  No.
25     Q.  But we know you're only 49.
```

## Page 6

```
 1     A.  Right.    0:03:26
 2     Q.  So you're in my age range.  I hope that --
 3  that wouldn't impair your ability to remember.  What
 4  year did you start working for the Illinois State
 5  Police?
 6     A.  1985.
 7     Q.  You have a college degree?
 8     A.  Yes, ma'am.
 9     Q.  What year?
10     A.  1984.
11     Q.  And where did you graduate from in 1984?
12     A.  Carthage College in Kenosha, Wisconsin.    0:03:52
13     Q.  You from Wisconsin?
14     A.  No, I'm from the South Side of Chicago.
15     Q.  Oh.  And was your first job after college the
16  Illinois State Police?
17     A.  No.  I -- I was an undercover narcotics agent
18  for Kenosha Police Department.  And I worked in
19  American Motors factory doing undercover narcotics
20  work.    0:04:16
21     Q.  You joined the Illinois State Police in 1985.
22     A.  Yes.
23     Q.  Can you tell me about your career in the
24  Illinois State Police, what positions you held and the
25  promotions you received?
```

## Page 7

```
 1     A.  I went through the Academy in 1985.  When I
 2  grad -- I -- in February of '85 -- when I graduated, I
 3  was assigned to District 6, which is this area here,
 4  Livingston, McLean and DeWitt Counties.  I worked    0:04:42
 5  patrol in District 6 and had a temporary duty
 6  assignment within the first two years to work the
 7  Chicago Expressway detail.  That was in 19 -- summer of
 8  1986.  Came back and worked District 6 again.  In
 9  December of 1986, I applied for and was selected to a
10  drug abuse resistance education officer.  That started    0:05:08
11  off -- initially it was believed it was going to be
12  part-time, and before we were actually done with the
13  training, we were told it was going to be a full-time
14  position.  So I was transferred from District 6.  I
15  believe the first placement job or the bureau was under
16  the Division of Administration.  And started working in
17  the DARE program and was assigned within that bureau
18  for five years teaching the program K through high
19  school.  I was a mentor providing training to other    0:05:38
20  police officers to become DARE officers and a field
21  coordinator.  In 1992, I performed a temporary duty
22  assignment as a recruit class supervisor at the
23  Academy.  That's a ten-week program.  And nearing the    0:06:05
24  end of that program, I was asked to take an assignment
25  change to work under the Directors Office under the EEO
```

Page 8

1  section. And I agreed to do that with the estimated
2  length being a year. And close to a year later, I
3  returned to District 6 as a sergeant. And I've been in    0:06:33
4  District 6 ever since. I worked as a field sergeant
5  from 1993 until I was promoted to master sergeant in
6  1996. As a master sergeant, I served as -- in a couple
7  of different platoons, all -- all within patrol in
8  District 6. Served as the acting lieutenant for a    0:06:57
9  short period of time in 1998 and shortly after was
10  promoted to lieutenant in District 6. And also in
11  1998, shortly after being promoted to lieutenant, I
12  began serving as the acting district commander because
13  of the captain's transfer to another assignment. There    0:07:24
14  were a couple of switches in and out from 1998 to 1999
15  with another captain coming in the District and me
16  returning back to being the operations officer. And
17  then in 1999, I again returned to being the acting
18  district commander and I've been in that assignment
19  ever since. I was promoted to the rank of captain in
20  2002.    0:07:50
21    Q. And you've been the captain of District 6
22  since 2002?
23    A. I've actually been the commander of the
24  District since '99 and I've been a hard rank captain
25  since 2002.

Page 9

1    Q. When you said you were the commander since
2  1999, you held the rank of lieutenant but you were
3  acting in the commander's role that's typically a
4  captain, correct?
5    A. Yes, ma'am.    0:08:27
6    MS. ALLEN: I'm going to object to the form
7  of the question.
8    Q. You said in 1990 -- who was the captain who
9  vacated the commander position in 1998 when you first
10  became acting district commander?    0:08:51
11    A. Captain Ken Hall.
12    Q. Did Ken Hall receive a promotion? Or a
13  transfer of some kind?
14    MS. ALLEN: Objection to relevance and
15  remoteness.
16    MS. RIOS: I'll join the objection.
17    Q. You can answer.
18    A. Okay. He received -- initially he received a
19  -- I would call it a promotion to regional commander
20  position within I believe it was DII. It was a short    0:09:19
21  tenure. He returned to District 6. I think they did
22  some reorganization. I'm not -- I really -- I -- I
23  don't recall. But he returned to District 6 for a
24  short period of time and then accepted the job of
25  district commander of District Chicago.

Page 10

1    Q. Okay. So in 1998 you became the
2  district commander when Ken Hall moved for a period of
3  time into DII, is that correct?    0:09:46
4    A. Yes.
5    Q. What period of time did you first act as
6  acting district commander of District 6?
7    A. I -- I don't call -- recall. To be honest
8  with you, between 1998 and towards the end of 1999,
9  there were three similar shuffles.
10    Q. Can you talk to me about those shuffles and
11  what happened? Who came in and what happened to you?
12    MS. ALLEN: Objection to relevance and
13  remoteness.    0:10:11
14    MS. RIOS: I'll join the objection.
15    A. And there was a period of time that Captain
16  Murray was assigned to District 6 for a short tenure of
17  time.
18    Q. Let me see if I can understand the
19  chronology. Ken Hall is the -- you're the operations
20  lieutenant and Ken Hall is the captain and the
21  commander of District 6 for a period of time, correct?
22    A. Yes.    0:10:42
23    Q. And then Ken Hall is moved to the DII for a
24  period of time, correct?
25    A. Yes.

Page 11

1    Q. And you become the acting commander holding
2  the rank of lieutenant, correct?
3    A. Yes.
4    Q. And then does Ken Hall come back?
5    A. Yes.
6    Q. To District 6?
7    A. Yes.
8    Q. And then you returned to being the operations
9  lieutenant, correct?
10    A. Yes.
11    Q. And then Ken Hall leaves again, correct?
12    A. Yes.    0:11:00
13    Q. And you become the acting district commander
14  yet again for a second time, correct?
15    A. Yes.
16    Q. And you -- but you're still holding the rank
17  of lieutenant, right?
18    A. Yes.
19    Q. And then Captain Murray comes in and becomes
20  the commander of District 6, correct?
21    A. Yes.
22    Q. And you go back to being the operations
23  lieutenant, correct?    0:11:24
24    A. Yes.
25    Q. And then Captain Murray's moved out and you

Page 12

1  become the acting director of District 6 for the third
2  time in the 1998/1999 time period, correct?
3    MS. ALLEN: I'm going to object to the form
4  of the question, the use of the words "moved out".
5    MS. RIOS: I'll join the -- the
6  objection.
7    A. I -- yes. I was -- I was filling in between
8  those individuals coming in and -- and being assigned
9  as -- as commander. And that occurred a third time    0:11:55
10  when the position was posted. And Michael Snyders was
11  chosen to be District 6 captain and came in as the
12  captain of the District.
13    Q. Okay. Was the District 6 captain position
14  posted prior to the time Captain Murray was assigned to
15  it?    0:12:25
16    MS. ALLEN: Objection to relevance and
17  remoteness.
18    MS. RIOS: I will join the objection.
19    A. No, it wasn't.
20    Q. Was Captain Murray assigned elsewhere in the
21  ISP and then transferred into District 6?
22    MS. ALLEN: Objection to relevance and
23  remoteness.
24    MS. RIOS: I'll object on the basis of
25  foundation.

Page 13

1    A. Yes.
2    Q. How long was Captain Murray the acting
3  commander of District 6?    0:12:56
4    MS. ALLEN: If I could have a continuing
5  objection so I don't have to keep interrupting.
6  Relevance and remoteness to this line of questioning.
7    MS. RIOS: I'll join the objection.
8    MS. RAIMOND: Absolutely.
9    A. He wasn't -- his assignment wasn't acting. I
10  mean, it was district commander. I -- I -- I honestly
11  don't recall the time frame.
12    Q. Do you recall whether it was a period of
13  months?    0:13:22
14    A. It was a period of months, yes.
15    Q. And while Captain Murray -- did the Illinois
16  State Police assign Captain Murray elsewhere and then
17  post the District 6 captain position?
18    MS. RIOS: Objection. Lack of foundation.
19    MS. ALLEN: Same objection.
20    A. When Captain Murray took another position,
21  they did post -- when -- when he departed District 6
22  for another assignment, they did post the position.    0:13:55
23    Q. And when Captain Murray left the District 6
24  commander position to take another position within the
25  Illinois State Police, was -- did the Illinois State

### Page 14

1 Police post the captain position for District 6?
2     A.  Yes.
3     Q.  Did you apply for that position?
4   . A.  Yes.
5     Q.  And at that point in time you had been acting
6 commander three times in District 6, correct?
7     MS. RIOS: Objection to the form of the
8 question.
9     A.  I filled in between -- during those periods
10 of time.  So yes, I -- I filled in in the absence of
11 the permanently determined district commander    0:14:32
12     Q.  And you filled in in the absence of a
13 permanently assigned district commander three times in
14 the 1998 to 1999 time period, correct?
15     MS. ALLEN: Objection, asked and answered.
16     MS. RIOS: Same objection.
17     A.  Yes.
18     Q.  Okay.  And all the time holding the rank of
19 lieutenant, correct?
20     MS. ALLEN: Objection, asked and answered.
21     MS. RIOS: Same objection.
22     A.  Yes.
23     Q.  Did you receive the promotion to captain of
24 District 6 when you first applied for it?    0:15:01
25     MS. ALLEN: Objection to relevance and

### Page 15

1 remoteness.
2     MS. RIOS: I'll join the objection.
3     A.  No.
4     Q.  What year did you first apply for the
5 District 6 commander position?
6     MS. ALLEN: I'm going to have to ask how much
7 longer this is going on, because we are here to talk
8 about District 5 and the captain position in District
9 5.  And if this is going to be much longer, I'm willing    0:15:26
10 to allow you some room for inquiry, but as you know,
11 Judge Brown has entered an order specifically stating
12 this is a single plaintiff discrimination retaliation
13 lawsuit in District 5.
14     Q.  What year did you first apply for the
15 District 6 commander position?
16     A.  To the best that I recall, it would've been
17 1999 when the position was posted.  It -- it was    0:15:57
18 probably early in the year, but I -- I honestly don't
19 recall the -- the specifics with it.
20     Q.  Who did the ISP choose for the District 6
21 commander position in 1999 around the time you applied
22 for it?
23     MS. ALLEN: Objection, asked and answered.
24 And at this point I am going to instruct the captain
25 not to answer any further questions in this inquiry

### Page 16

1 pursuant to Judge Brown's order.    0:16:22
2     MS. RAIMOND: What's the basis of the --
3 what's the basis, relevance?
4     MS. ALLEN: No.  The basis is Judge Brown has
5 ruled this is not discoverable.
6     MS. RAIMOND: Counsel, she has not ruled
7 that, and she did not have a general discovery
8 referral.  She ruled with regard to certain discovery
9 requests, and you have no basis to instruct the witness
10 not to answer.
11     MS. ALLEN: I believe I do under Judge
12 Brown's order and I am instructing --    0:16:46
13     MS. RAIMOND: What in Judge Brown's order,
14 counsel, for the record?  We can off the record.
15     RECORDER: Off the record, 10:22 a.m.
16         (Off the record)
17     RECORDER: Back on the record, 10:23 a.m.
18     MS. RAIMOND: Okay.  For the record, Ms.
19 Rios, you are the only person who's been the attorney
20 of record in litigation before Judge Brown, correct?    0:17:08
21     MS. RIOS: That's not true.  That is not
22 correct.
23     MS. RAIMOND: Okay.  Other than the pending
24 protective order.  Correct?
25     MS. RIOS: No, that's not true.  There's --

### Page 17

1 there's more than one --
2     MS. RAIMOND: Okay.
3     MS. RIOS: -- attorney of record --
4     MS. RAIMOND: You and --
5     MS. RIOS: -- on this matter.
6     MS. RAIMOND: You and Scott have represented
7 the Illinois State Police --
8     MS. RIOS: Correct.
9     MS. RAIMOND: -- in motions that have been
10 decided by Judge Brown, correct?
11     MS. ALLEN: Am I --
12     MS. RAIMOND: No, and I want to make -- what
13 I want to make of record of is, would you agree that
14 the only referral that Judge Brown has received has
15 been on a motion by motion basis and that Judge Conlon
16 has not made a general discovery referral?    0:17:35
17     MS. RIOS: I believe that Judge Brown has
18 received motions regarding discovery and that she has
19 upon those motions made rulings which affect the scope
20 of discovery in the matter.
21     MS. RAIMOND: So you believe she's refer --
22 she has received a general discovery referral.
23     MS. RIOS: I think you're mixing the two.  I
24 think you're talking about apples and oranges.  You    0:17:58
25 know, when something's been filed, however, it's

### Page 18

1 referred to Judge Brown, but Judge Brown is making
2 rulings on the scope of discovery in the case.
3     MS. RAIMOND: With regard to --
4     MS. RIOS: Ms. Raimond, has Judge --
5     MS. RAIMOND: -- general --
6     MS. RIOS: -- Conlon issued --
7     MS. RAIMOND: -- with regard to --
8     MS. RIOS: -- a single --
9     MS. RAIMOND: -- individual requests,
10 correct?
11     MS. RIOS: -- ruling on the discovery matter?
12     MS. ALLEN: But her ruling on those requests
13 she has made, we've been in seven hearings on this
14 case.  No less than seven hearings before Judge Brown.
15 And she has ruled on the scope of the discovery.    0:18:21
16     MS. RAIMOND: She's ruled on different scopes
17 with regard to different requests.  I'm just going to
18 go back on the record and I'm going to ask my
19 questions.  And if you are going to instruct the
20 witness not to answer questions --
21     MS. ALLEN: And I'm going to state that --
22     MS. RAIMOND: -- I am going -- you can -- you
23 can state --
24     MS. ALLEN: -- for the record, I am saying --
25     MS. RAIMOND: -- the basis of your

### Page 19

1 objections.
2     MS. ALLEN: -- you're going to certify it.
3 We will --
4     MS. RAIMOND: No, I'm not going to certify
5 it.  And I'm going to seek sanctions against you.
6 Because you do not have the right to instruct the
7 witness not to answer questions.
8     MS. ALLEN: I am here representing the
9 deponent.  You do understand that, do you not?    0:18:43
10     MS. RAIMOND: Ready? Let's go back on the
11 record.
12     RECORDER: We're still on
13     MS. RAIMOND: Okay
14     Q.  Who received the promotion to District 6
15 commander at the time you applied for it and did not
16 receive it for the first time?
17     MS. ALLEN: I am going to object on the basis
18 of the foundations laid in my continuing objection,
19 asked and answered, form of the question, and in
20 addition, I am going to instruct the witness not to
21 answer this line of questions pursuant to Judge Brown's
22 order of 12/19/2011 which sets forth the scope of
23 discovery and in which she has ruled that this is a
24 single plaintiff case, it is not a class action.    0:19:21
25 Plaintiff does not have a separate pattern and practice

## Page 20

1  claim. Discovery beyond certain limits, even as to
2  discoverability, was denied. On the basis of Judge
3  Brown's order, I instruct the witness not to answer.
4        MS. RAIMOND: May I see the part of Judge
5  Brown's order that you're reading from?
6        MS. ALLEN: I have highlighted it beginning
7  at the bottom of page 6 and it goes on from there.      0:19:42
8        MS. RAIMOND: Okay. And counsel, you
9  understand that that is related to request number 33,
10 correct?
11       MS. ALLEN: I understand that is related to
12 the class of information sought in the requests that
13 were before Judge Brown upon which she has ruled.
14       MS. RAIMOND: Counsel, this order that you
15 have handed me regards request number 33, and there has
16 been no motion made to limit the deposition testimony
17 of any deponent. You aware of that?      0:20:04
18       MS. ALLEN: I am aware of many of the motions
19 I have made. I am aware of Judge Brown's order. I
20 have read it and reread it. Again, the witness will be
21 instructed not to answer these questions.
22       MS. RAIMOND: And that is on the basis --
23       MS. ALLEN: If you -- would you please let me
24 finish.
25       MS. RAIMOND: Please.

## Page 21

1        MS. ALLEN: If you would like to seek the
2  court's instruction, the witness will then be
3  instructed pursuant to the court's ruling.
4        MS. RAIMOND: And so I just want to
5  understand if the entire basis of your objection is
6  Judge Brown's ruling with regard to request number 33
7  that you --      0:20:32
8        MS. ALLEN: It is the --
9        MS. RAIMOND: -- just showed me.
10       MS. ALLEN: -- totality of the December 19th,
11 2011 ruling.
12       MS. RAIMOND: And it's your understanding
13 that Judge Brown's December of 2011 ruling extended to
14 deposition testimony, is that correct --
15       MS. ALLEN: Yes --
16       MS. RAIMOND: -- counsel?
17       MS. ALLEN: -- it is.
18       MS. RAIMOND: Is that your understanding, Ms.
19 Rios?
20       MS. RIOS: Yes.
21       MS. RAIMOND: Okay. And is there any mention
22 of depositions as far as you're aware of in any of
23 Judge Brown's rulings, Ms. Allen?      0:20:55
24       MS. ALLEN: Ms. Raimond, Judge Brown limited
25 what you can discover. Discoverability extends to

## Page 22

1  written discovery and depositions. That's the basis
2  for my ruling. If you would like to call the judge
3  now, we can do so. If you would like to file a motion
4  and the witness is -- if she's instructed to return,
5  we'll return. That's the basis for my objection,
6  that's how we're --      0:21:16
7        MS. RAIMOND: I want to make sure --
8        MS. ALLEN: -- at this moment
9        MS. RAIMOND: -- I want to make sure I
10 understand the basis of your objection.
11       MS. ALLEN: I have nothing --
12       MS. RAIMOND: Are you --
13       MS. ALLEN: -- further to add to my basis of
14 my objections.
15       MS. RAIMOND: Is it your contention that
16 Judge Brown's ruling involved deposition testimony?
17       MS. ALLEN: I have stated the basis for my
18 objections.
19       MS. RAIMOND: And you refuse to answer that?
20       MS. ALLEN: I am not under oath.
21       MS. RAIMOND: Okay, we're trying to make a
22 record here and I'm going to before the court on this.
23 You refuse to say whether Judge Brown discussed --      0:21:37
24       MS. ALLEN: Ms. Raimond --
25       MS. RAIMOND: -- is that correct?

## Page 23

1        MS. ALLEN: -- if you wish to review the
2  basis for my objections, please read the transcript. I
3  have stated every basis for my objection. I have
4  nothing further to say.
5        MS. RAIMOND: And so the basis of your
6  objection is relevance and asked and answered, correct?
7        MS. ALLEN: It is not. It is the basis of
8  Judge Brown's order. That's -- I'm not saying anything
9  more. I made my record. You then act however you feel
10 you should act.      0:21:57
11       MS. RAIMOND: And Ms. Rios, are you joining
12 the objection in that Judge Brown ruled -- is it your
13 understanding that --
14       MS. RIOS: Yeah.
15       MS. RAIMOND: -- Judge Brown ruled that her
16 rulings with regard to individual document requests
17 extended to deposition testimony? Is that your
18 understanding?
19       MS. ALLEN: Ms. Rios has no basis to instruct
20 the witness to answer or not answer. Therefore, I
21 object to you questioning Ms. Rios.      0:22:18
22       MS. RIOS: Whether or not I join on the
23 objection, like -- like she --
24       MS. RAIMOND: Mm-hmm.
25       MS. RIOS: -- like Debbie said or Ms. Allen

## Page 24

1  said, I have no basis to instruct the witness not to
2  answer. I'm not instructing the witness not to answer
3  because she's not my client in this matter. My
4  understanding of the discovery disputes that have gone
5  before Judge Brown with regard to -- or motions to compel
6  information, when she's had those motions before her,
7  she's had to make an analysis on, one, the complaint
8  that's at issue, the information that's relevant in
9  order for the plaintiff to pursue her case, and then
10 make rulings on the evidence based upon what's come
11 before her. I -- I -- I think that she has made a      0:22:55
12 ruling based upon the case at large.
13       MS. RAIMOND: Ms. Rios, is it your
14 understanding that Judge Brown's rulings extended to
15 depositions explicitly in her order?
16       MS. ALLEN: Ms. Raimond, this is not a
17 deposition of Ms. Rios. She has stated the basis for
18 her -- for her objections, as I have I. If you wish to
19 continue asking us questions, let's make this a
20 deposition of us and let the captain go home.
21       MS. RAIMOND: Do you -- will you -- will you
22 state whether you believe that Judge Brown's order
23 extended to deposition testimony?      0:23:27
24       MS. RIOS: I believe --
25       MS. ALLEN: I'm going to object, asked and

## Page 25

1  answered.
2        MS. RIOS: I -- I believe that Judge Brown
3  has made rulings upon the scope of discovery in this
4  case. And she's talked about the relevant time frame
5  and the relevant issues and the relevant claims. And
6  that's all I'll say about that.
7        MS. RAIMOND: Okay. Is it your
8  understanding, though, that Judge Brown's order is the
9  basis for instructing witnesses not to answer?      0:23:50
10       MS. RIOS: I --
11       MS. ALLEN: I -- you're --
12       MS. RIOS: No, I have no ability tell her
13 whether or not -- to tell somebody else, another
14 attorney, how to direct her client. I'm -- I'm not
15 saying that I as representative --
16       MS. RAIMOND: I'm just asking you what you
17 understand the scope of Judge Brown's order to be.
18       MS. ALLEN: That is irrelevant. I am making
19 the objection. I am instructing the witness. Ms. Rios
20 has joined objections to the extent she feels
21 appropriate. The record is made.      0:24:11
22       MS. RIOS: I am not directing Captain Jansky
23 not to answer. Captain Jansky is not my client. She
24 is Ms. Allen's client. And I've given you my
25 understanding of discovery issues on Judge Brown's

## Page 26

1  rulings.  However, like I said, I have no control over
2  the deponent how to -- she's not my client.  So --
3       MS. RAIMOND:  Understood.
4       MS. RIOS:  -- I just don't -- does that make          0:24:32
5  sense?
6       MS. RAIMOND:  It totally does.  But my
7  question is, are you willing to say one way or the
8  other whether you believe Judge Brown's ruling extended
9  to deposition testimony and gives counsel the ability
10 to instruct witnesses not to answer.
11      MS. RIOS:  I -- that's -- if -- if you're
12 disputing that, then I think that that's a call for the
13 judge to make.  Again, I'm not going to get in a fight
14 with you, I'm not going to get in a fight with the
15 deponent's counsel.  I'm letting you know my
16 understanding of Judge Brown's rulings and, you know,
17 for example, we have a protective order on file, the --
18 the defendants do, for the 30(b)(6) deposition.  And in   0:25:03
19 there we've cited Judge Brown's rulings as a basis for
20 objections as to -- as to deposition testimony, so --
21      MS. RAIMOND:  Well, I appreciate you being
22 willing to give your understanding of Judge Brown's
23 order, and so I'm -- that's all I'm asking you to do.
24 What's your --
25      MS. RIOS:  Right.

## Page 27

1       MS. RAIMOND:  -- is your understanding of
2  Judge Brown's order --
3       MS. RAIMOND:  I think I've already answered
4  that.
5       MS. RAIMOND:  Okay.  Is it your understanding
6  -- is your understanding of Judge Brown's order that it
7  is the basis for instructing witnesses not to answer in
8  depositions?                                              0:25:28
9       MS. ALLEN:  This is irrelevant --
10      MS. ALLEN:  That -- that -- this is an
11 irrelevant question.
12      MS. ALLEN:  So then --
13      MS. RIOS:  I've already -- just -- the record
14 is made and made and made.
15      MS. RAIMOND:  So you refuse to -- you refuse
16 to say what the Illinois State Police's position is on
17 that for the record?
18      MS. RIOS:  I've already told you what the --
19 if -- if the fact -- if you don't understand my
20 statement, then that -- I can't re-explain it to you
21 ten times.  I'm not going to be pigeonholed into a
22 position that I think does not --                         0:25:55
23      MS. RAIMOND:  Is it the Illinois State
24 Police's position and the individual defendant's
25 position that Judge Brown's order with regard to

## Page 28

1  document requests are grounds for instructing a witness
2  not to answer in a deposition?  It's a simple question.
3       MS. RIOS:  I am not --
4       MS. ALLEN:  Ms. Raimond, do you believe that
5  deposition testimony is different than written --
6  written discovery?
7       MS. RAIMOND:  Can you please not interrupt
8  our conversation, counsel?
9       MS. RIOS:  I've already told you our
10 position.  We believe that Judge Brown's ruling affects
11 the basis of discovery at large.  As far as defendants   0:26:21
12 have gone, we've actually filed a motion for a
13 protective order upon grounds based and rooted in the
14 December 19th order, so --
15      MS. RAIMOND:  Right.  But my question was
16 whether the Illinois State Police takes the position
17 that Judge Brown's discovery rulings with regard to
18 document requests --
19      MS. RIOS:  I am not representing --
20      MS. RAIMOND:  -- provide grounds --
21      MS. RIOS:  I am not representing the deponent
22 in this deposition --
23      MS. RAIMOND:  I know you're not.
24      MS. RIOS:  -- so I'm not --
25      MS. ALLEN:  All right, you know what, Captain

## Page 29

1  Jansky and I are going to step from the room while you
2  two have a conversation.  I consider this harassment of
3  the witness.  And so we are going to step out of the     0:26:50
4  room until you finish questioning Ms. Rios for her
5  deposition.
6       MS. RAIMOND:  Ms. Jansky, do you feel
7  harassed?
8       MS. ALLEN:  I'm going to object.
9       MS. RIOS:  Do you want to stay on the record?
10      MS. RAIMOND:  Yes.  So, the Illinois State
11 Police won't take a position on that one way or the
12 other, is that --
13      MS. RIOS:  I --
14      MS. RAIMOND:  -- it's fair if you don't want
15 to.
16      MS. ALLEN:  She has stated her position on
17 the record.  She has stated --
18      MS. RAIMOND:  Ms. Allen, you're not -- Ms.
19 Allen, you're not representing Ms. Rios.  She's capable
20 of speaking for herself.
21      MS. RIOS:  I know, and I've already spoken.
22 I've already spoken, I've already said what I am going
23 to say.  I am not being deposed.  I've already given
24 you my position.  I've already referenced what          0:27:20
25 documents that the Illinois State Police and the other

## Page 30

1  defendants have filed.  And I think that's a complete
2  answer to the question.
3       MS. RAIMOND:  Okay.  So there will not be a
4  statement about --
5       MS. ALLEN:  She --
6       MS. RAIMOND:  -- what the Illinois State
7  Police --
8       MS. ALLEN:  -- she has given you --
9       MS. RIOS:  I've already --
10      MS. RAIMOND:  Please don't interrupt me.
11      MS. ALLEN:  Please don't interrupt me.  I am
12 now speaking --
13      MS. RAIMOND:  Please don't interrupt me.
14      MS. ALLEN:  -- she has given you her answer.
15 You keep asking and asking and asking.  This is enough.
16      MS. RAIMOND:  Now, I would ask you, counsel,
17 to stop waving your finger.  And I would ask you to
18 stop interrupting me.  So, I just want to make it --
19      MS. RIOS:  No, I already -- I've already
20 stated my answer for the record.  And the fact that you  0:27:45
21 are implying that I'm not answering, I -- we disagree
22 on that point.
23      MS. RAIMOND:  That's fine.
24      MS. RIOS:  That's --
25      MS. RAIMOND:  I'm --

## Page 31

1       MS. RIOS:  -- basically the long -- that's --
2  that's it.
3       MS. RAIMOND:  Fine.  So I just want to
4  understand, though, that the Illinois State Police is
5  not willing to take a position on the record --
6       MS. RIOS:  I am stating --
7       MS. RAIMOND:  -- on the issue --
8       MS. RIOS:  -- I've -- I've --
9       MS. RAIMOND:  -- of whether or not the
10 deposition -- excuse me -- on whether or not Judge
11 Brown's rulings with regard to document requests
12 extended that position to give counsel the right to
13 instruct witnesses not to answer.                        0:28:08
14      MS. RIOS:  I object to the form of the
15 question.  Lacks foundation, and I believe that we've
16 already answered the question.
17      MS. RAIMOND:  What question?
18      MS. RIOS:  The -- the question you just asked
19 me.  We've already answered it in multiple -- I've
20 already -- we -- I've already answered it multiple
21 times.
22      MS. RAIMOND:  Oh, well, you mean asked and
23 answered?  What do you mean?  I'm sorry.
24      MS. RIOS:  I've -- you -- you've asked for
25 ISP's position.  ISP and the defendants have given you

Page 32

1 their position and you're stating that we haven't given
2 you a position. We have. If you want to review the   0:28:32
3 transcript and see what we've said, then --
4     MS. RAIMOND: Okay. You won't say. Fine.
5     MS. ALLEN: Objection to your
6 characterization. It's misleading and misquotes and
7 mischaracterizes Ms. Rios' testimony.
8     MS. RAIMOND: Are you representing Ms. Rios?
9     MS. ALLEN: Would you like me to represent
10 you?
11     MS. RIOS: No, I'm okay, thanks.
12     MS. RAIMOND: So you're not representing --
13     MS. RIOS: But I'll join the objection.
14     MS. RAIMOND: -- Ms. Rios? You're not
15 representing Ms. Rios, correct?
16     MS. ALLEN: I can state when I believe
17 counsel's conduct has reached a line of not letting the
18 witness state her position and then mischaracterizing
19 it.    0:29:05
20     MS. RAIMOND: Are you representing Ms. Rios
21 or are you not?
22     MS ALLEN: I am apparently not.
23     MS. RAIMOND: Okay. Then I ask you not to
24 interrupt when I'm talking to her.
25     Q. Captain Jansky, do you feel harassed?

Page 33

1     MS. ALLEN: Objection to the question.
2     A. No. I feel delayed.
3     Q. Captain Jansky, are you refusing to say who
4 received the District 6 -- are you refusing to tell
5 as to who received the District 6 commander position at
6 the first time that you interviewed for that position
7 in 1999?    0:29:49
8     MS. ALLEN: She has asked and answered that.
9 You will review the transcript and it will review she
10 has -- reveal she has given you the name.
11     Q. Captain Jansky, who received the promotion to
12 the District 6 commander position in 1999?
13     MS. ALLEN: Objection, asked and answered and
14 the again basis for my continuing objection and once
15 again I am going to instruct the captain not to answer
16 any further questions regarding the captain's position
17 in District 6 for 1999.    0:30:19
18     Q. Are you going to not answer the question
19 then, Captain Jansky?
20     A. I -- I believe I did answer. I mean, if you
21 play back the tape, I believe that I've answered the
22 question.
23     Q. Okay. Then who is it then?
24     MS. ALLEN: She has asked and answered. I am
25 instructing her not to answer any further questions.

Page 34

1 If you would like to have the court reporter read it
2 back, I will certainly not object to that.    0:30:41
3     MS. RAIMOND: Is the basis asked and answered
4 that you won't let me -- the witness answer the
5 question then?
6     MS. ALLEN: The basis is asked and answered.
7 The basis is, once again, pursuant to all the reasons I
8 stated on the record, the captain is not answering any
9 further questions regarding the District 6 captain
10 position in 1999.
11     MS. RAIMOND: If the question's been asked
12 and answered, then that -- the second objection has
13 been waived. And I just want to know who it is. Are    0:31:02
14 you kidding me? You're saying -- you're taking the
15 position --
16     MS. ALLEN: Ms. Raimond --
17     MS. RAIMOND: -- that the witness is -- let
18 me -- let me ask this. I want to clarify the record.
19 You're taking the position that the captain's already
20 answered the question. And yet she can't answer the
21 question now that she -- that you say she already
22 answered? And you're saying -- interrupt the
23 deposition and let's play back the the -- the tape to try
24 to find the answer because you --    0:31:25
25     MS. ALLEN: Yes, ma'am. Because of all of

Page 35

1 the questioning you did of counsel, that answer is
2 obviously long since forgotten.
3     MS. RAIMOND: You're not going to let Captain
4 Jansky answer.
5     MS. ALLEN: I am not allowing Captain Jansky
6 to answer any further questions regarding the captain 6
7 position in 1999. That is correct.
8     MS. RAIMOND: All right. Well, I think we're
9 going to have to go off the record here and -- we may
10 need to just resume this deposition at a further date,
11 because your --    0:31:53
12     MS. ALLEN: That's fine.
13     MS. RAIMOND: -- obstructing the deposition.
14     MS. ALLEN: I believe I am not. I stand by
15 my objections as stated on the record.
16     RECORDER: Off the record, 10:38 a.m.
17     (Off the record)
18     RECORDER: Back on the record, 11:01 a.m.
19     MS. RAIMOND: Okay. At this juncture, I am
20 unable to proceed with the deposition because counsel
21 for the witness has instructed her not to answer
22 questions. Not based on privilege but based on    0:32:27
23 objections to relevance, asked and answered, and her
24 contention that Judge Brown has made binding rulings on
25 the scope of discovery that applied to depositions,

Page 36

1 even though Judge Brown has not heard any motion with
2 regard to depositions. The rules provide that other    0:32:51
3 than privilege, counsel must permit the witness to
4 answer questions, although objections are preserved,
5 unless counsel wants to adjourn the deposition and seek
6 a protective order. I would ask counsel to abide by
7 those rules. Would you agree to abide by those rules?
8     MS ALLEN: Ms. Raimond, I don't believe you
9 have accurately stated my position. I have previously
10 stated my objections and my position for the record.
11 The record reflects my objections and things like that.    0:33:23
12 I will seek a protective order if you indicate that are
13 going to continue asking the captain questions that are
14 beyond what is permitted by Judge Brown's ruling. I
15 believe, however, there are many other areas of
16 inquiry, particularly your client's lawsuit and this
17 witness' involvement or knowledge of those facts that
18 can be continued on with today. I would ask you to do
19 so. Are you willing to conduct those questions today?    0:33:46
20     MS. RAIMOND: I would conduct the deposition
21 in the manner that is -- in the manner that is
22 appropriate for my client. And so your limiting the
23 subject matter of my deposition is not acceptable to
24 me. I believe that you can raise whatever objection
25 that you would like for the record but that you may not

Page 37

1 instruct the witness not to answer the questions. And    0:34:17
2 if you would abide by that, I would proceed with the
3 depositions and all your objections will be preserved
4 for the record other than obviously privilege, and I
5 - would not object to you instructing the witness not to
6 answer on grounds of privilege. For example, there is
7 apparently -- both you and your client acknowledge that
8 a question's already been answered about who received
9 the District 6 commander position in 1999, but you will
10 not let her say the name again because the question was
11 asked and answered. And you instructed the witness not    0:34:50
12 to answer. I -- I can't proceed in this manner when
13 you're instructing the witness not to answer questions
14 based on non-privilege issues. So, will you agree to
15 just make your objections for the record other than
16 privilege but permit the witness to answer the
17 questions?
18     MS. ALLEN: Ms. Raimond, you have misstated
19 the reasons I would not allow the captain to answer the
20 last question pending. My reasons fully were stated on    0:35:14
21 the record. I cannot agree to proceed in the manner
22 you are suggesting. I will go seek a protective order.
23 If you do not wish to proceed with any further
24 questions of the captain, I understand that is your
25 right. I am asking you to. If you do not agree so,

### Page 38

1  that is your right. We will adjourn. We will seek the
2  court's intervention, of course, and set appropriate
3  limits on what I believe the court has already ruled
4  upon, and then we will try and find another mutually
5  agreeable date and time to continue the captain's
6  deposition.                              0:35:42
7        MS. RAIMOND: Okay. So you continue -- so
8  what I think you're saying is that you intend to
9  continue to instruct the witness not to answer based on
10 your interpretation of Judge Brown's ruling and -- and
11 the way you believe it limits the scope of depositions.
12 Is that fair?
13       MS. ALLEN: I have stated the basis of my
14 instructions to the client on the record and that's my
15 objection.                              0:36:04
16       MS. RAIMOND: Well, my question is a little
17 broader than that. You didn't let the captain answer
18 questions about who received the District 6 commander
19 position in 1999 that she applied for. But what I
20 understand your object to be is to any line of
21 testimony that is somehow covered by Judge
22 Brown's ruling on document requests. And so you are    0:36:29
23 going to instruct the witness to not answer any
24 questions that you believe fall outside of that scope.
25 Is that fair?

### Page 39

1        MS. ALLEN: Ms. Raimond, I have fully and
2  multiple times stated the bases for my objections and
3  my instruction to the captain. I stand by what I have
4  previously stated. I have nothing further to add to
5  that.
6        MS. RAIMOND: Can you just tell me what --
7  what questions you're going to allow her to answer and
8  what kind of questions you're not going to allow her to
9  answer and that's going to allow me to decide whether
10 or not it's going to be fruitful to proceed?     0:36:53
11       MS. ALLEN: Ms. Raimond, I have previously
12 and on multiple occasions stated the bases for my
13 objection and the bases for the instructions to the
14 witness. I have nothing further to add what I have
15 already stated.
16       MS. RAIMOND: I'm just asking you, Ms. Allen,
17 to just tell me what questions you're going to allow
18 her to answer and what questions you're not so I can
19 figure out if it's worth proceeding or adjourning the
20 deposition and getting sanctions. Because my
21 understanding is you're not going to adjourn the
22 deposition and get a protective order.     0:37:16
23       MS. ALLEN: I am going to seek a protective
24 order if that is what you require. If you wish to ask
25 the captain clients (sic) that violate Judge Brown's

### Page 40

1  order, then I am going to go seek a protective order.
2        MS. RAIMOND: I don't understand what line of
3  testimony you believe violate Judge Brown's order, and
4  that's the issue I'm having. If you could explain it
5  to me, then I can --
6        MS. ALLEN: Would you like another copy of
7  Judge Brown's ruling? Judge Brown set time and
8  temporal limitations as well as limitations on the --
9  the fact that this is a single plaintiff discrimination
10 retaliation complaint. And further bases are stated in     0:37:50
11 Judge Brown's order, and I'd be happy to share my copy
12 of that with you.
13       MS. RAIMOND: Well, I read Judge Brown's
14 order and Judge Brown's order had to do with document
15 requests, so what I'm just trying to understand from
16 you is you seem to believe that Judge Brown's ruling
17 went beyond the individual document requests and extend
18 to depositions. I disagree, but so be it. My question    0:38:11
19 to you is, what limits do you believe Judge Brown's
20 order puts on the deposition? With that information, I
21 can decide whether it makes sense to proceed or not.
22       MS. ALLEN: I believe that Judge Brown set
23 temporal time locations, geographic locations, and
24 limited it to the facts of your client's lawsuit. And
25 I have further stated my objections and all the bases

### Page 41

1  for -- on the record, multiple times, and I have
2  nothing further to add.                     0:38:38
3        MS. RAIMOND: What temporal and geographic
4  limitations do you believe that Judge Brown placed on
5  depositions?
6        MS. ALLEN: Ms. Raimond, I will provide you
7  again with my copy of the Judge's ruling. And if -- if
8  you would like for us to go off the record and -- and
9  have a discussion -- but again, all I can say is, I'm
10 asking you to abide by Judge Brown's ruling. If you
11 believe that this ruling is not limiting to you and you
12 intend to continue asking questions about what happened
13 in District 6, a district not at issue in your client's
14 litigation, in 1999, at year not at issue in your
15 client's litigation, then I am going to continue
16 instructing Captain Jansky not to answer questions like
17 that. I tried to give you some latitude. But when it     0:39:21
18 appeared that this was going to be a substantial focus
19 of your questioning for the captain, that is
20 unacceptable, and I do have to resort back to Judge
21 Brown's order.
22       MS. RAIMOND: Well, here's the thing, is I
23 don't think Judge Brown's order applies to depositions
24 at all. And so that's why I asked what your
25 understanding was. But I understand you don't want to

### Page 42

1  tell me. I'm trying to get background information on
2  -- from the captain about her experience at the
3  Illinois State Police. That's all I'm trying to do. I     0:39:47
4  -- I believe that the rules permit -- you can object
5  based on relevance or anything else that you want, but
6  your instruction to the witness not to answer the
7  question is what's impeding my ability to conduct the
8  deposition as well as your stated intention to instruct
9  the witness to not answer any question that you believe
10 falls outside the grounds of Judge Brown's rulings on
11 document requests.                          0:40:11
12       MS. ALLEN: Ms. Raimond, I have a different
13 interpretation of the Judge's order. We seem to at an
14 impasse. I ask that you simply continue questioning
15 Captain Jansky as to her involvement on the interview
16 panel of your client, what she did in preparation for
17 that, what occurred during that panel interview, and
18 her involvement in anything that occurred after the
19 panel interview. Are you willing to ask those
20 questions of the captain today?              0:40:33
21       MS. RAIMOND: I am not willing to -- I am not
22 willing to take a deposition in which you are violating
23 the Rules of Civil Procedure and instructing the
24 witness not to answer questions without seeking --
25       MS. ALLEN: You have not answered --

### Page 43

1        MS. RAIMOND: -- a protective --
2        MS. ALLEN: -- my question.
3        MS. RAIMOND: I am not --
4        MS. ALLEN: Are you willing to ask --
5        MS. RAIMOND: Ms. Allen, please don't
6  interrupt me for the record. Please don't interrupt
7  me. I am not willing to go through with a deposition
8  in which you are instructing the witness not to answer
9  questions that are not based on privilege. I believe     0:40:58
10 that you're instructing my -- you're obstructing my
11 ability to take a deposition here today based on a
12 ruling of Judge Brown that is not about depositions,
13 that is about document requests. In addition to that,
14 you won't even let Captain Jansky answer a question
15 that you tell me she's already answered, and that I
16 would need to stop the deposition and go review the
17 tape. This is obstructionist. I cannot take the     0:41:24
18 deposition I think the appropriate recourse that you
19 had, if you are going to instruct the witness not to
20 answer, would be to adjourn the deposition and seek a
21 protective order. You did not do that. You're not
22 allowing me to go through with the deposition. So I'm
23 going to have to adjourn the deposition and -- and seek
24 sanctions against you for obstructing it.     0:41:44
25       MS. ALLEN: Ms. Raimond, would you care to

Page 44

1  try and get Magistrate Brown on the phone right now to
2  resolve this issue?
3       MS. RAIMOND:  The issue is before Judge
4  Conlon and Judge Conlon's rules require the filing of a
5  written motion.  And so that is what I am going to go
6  back to my office and do right now.
7       MS. RIOS:  All right.  We will see everyone
8  apparently some other time.
9       RECORDER:  Off the record, 11:11 a.m.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 45

1            CERTIFICATION
2     I certify that the foregoing is a correct
3  transcript from the record of proceedings
4       in the above-entitled matter.
5
6
7       Erin C Sloan
8       January 5, 2012
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25