# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1935 | **DATE** | 1/24/2012 |
| **CASE TITLE** | Oseman-Dean vs. Illinois State Police et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set out below, the Non-Party Deponents' Motion for Protective Order [104] is granted in part and denied in part as set out below. Plaintiff's Motion for Sanctions Pursuant to this Court's Order Dated December 19, 2011 and Fed. R. Civ. P. 30(d)(2) [114] is denied as it relates to Suzanne Jansky's deposition; it remains pending as it relates to Mark Maton's deposition. The Non-Party Deponents' Motion to Terminate Deposition [117] is denied, and the Non-Party Deponents' Second Motion for Protective Order [117] is granted in part and denied in part as set out below.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

### BACKGROUND

Discovery in this single-plaintiff failure-to-promote employment discrimination lawsuit has been contentious from the beginning, resulting in numerous motions, hearings and rulings. These three motions are an outgrowth of that contentiousness.

Things got off to a bad start because of plaintiff's unreasonably broad discovery requests and defendants' failure to serve timely objections. (*See* Order, Sept. 21, 2011.) [Dkt 44.] Under Federal Rule of Civil Procedure 33(b)(4), defendants waived any objections to the scope of the interrogatories, but some of the information plaintiff received as a result was so voluminous as to be virtually useless. (*See* Order, Nov. 22, 2011 at 2.) [Dkt 78.] Plaintiff mischaracterizes the record in suggesting that this court approved plaintiff's interrogatories. (*See, e.g.,* Pl.'s Opp'n to Mot. Terminate Dep. at 2.) [Dkt 124.] The order compelling compliance with plaintiff's interrogatory requests was not an endorsement of those requests but rather the application of the waiver in Rule 33(b)(4). (*See* Order, Nov. 22, 2011 at 1.)

The fight continued with the document requests, requiring the court to narrow plaintiff's document requests to what is reasonably proportional to the claims and defenses in this case. (*See* Order, Dec. 19, 2011.) [Dkt 96.]

Now the battlefront has moved to the depositions, and, particularly, the depositions of five employees of defendant Illinois State Police ("ISP") who themselves are not defendants. Specifically, the deponents are:

> Jonathon Monken, former Director of the ISP, who received recommendations as to which of the two candidates for the position of captain (plaintiff Jody Oseman-Dean or the successful male candidate Michael Cooke) should be promoted;

Patrick Keen, Deputy Director of the ISP, who was a member of the panel that interviewed both candidates;

Delia Diamond, former Assistant Deputy Director of the ISP, who was also a member of the interview panel;

Suzanne Jansky, Captain and District 6 Commander of the ISP, who was also a member of the interview panel;

Suzanne Yokley-Bond, Chief Legal Counsel to the ISP and former ISP Equal Employment Opportunity ("EEO") Officer.

(Non-Party Deponents' Mot. Prot. Order at 9-10.) [Dkt 104.]

At the hearing on the motions, the parties advised that they had resolved disputes about the location and dates of the non-parties' depositions, but cannot agree on the duration of the depositions. The non-party deponents want a limit of five hours; plaintiff wants the seven hours that is the presumptive limit in Federal Rule of Civil Procedure 30(d)(1). (*See id*. at 10.)

There is also a dispute about the scope of the non-party depositions, illustrated by what happened at Ms Jansky's deposition, which began on January 4, 2012. (*See* Non-Party Deponents' Mot. Terminate Dep., Ex. A, Dep. Suzanne Jansky.) [Dkt 117.] In response to plaintiff's counsel's questioning about her background, Ms. Jansky testified that she had first applied to become an ISP captain in 1999, but Michael Synder (presumably a male applicant) was chosen. (*Id*. at 12, 14-15.) Ms. Jansky became a captain in 2002. (*Id*. at 8.) As plaintiff's counsel began to probe the circumstances around Ms. Jansky's 1998 and 1999 temporary positions as acting commander and her unsuccessful 1999 application for captain, Ms. Jansky's counsel began to object, first on the ground of "asked and answered" and ultimately on the ground that this court's previous discovery rulings limited the scope of deposition questioning. (*Id.* at 14-18.) A lengthy argument ensued among counsel about whether the rulings on written discovery limited the scope of deposition testimony, with plaintiff's counsel contending that without a general referral for discovery supervision, the magistrate judge's rulings on written discovery did not govern deposition questioning. (*Id.* at 16-44.) Ultimately, Ms. Jansky's counsel instructed the witness not to answer any further questions about the 1999 application. (*Id*. at 35.) Plaintiff's counsel then ended the deposition, although Ms. Jansky's counsel would have permitted the witness to answer questions on other topics. (*Id*. at 36.) The Non-Party Deponents' Motion to Terminate and Plaintiff's Motion for Sanctions followed.

## DISCUSSION

Several subsections of Federal Rule of Civil Procedure 30 are relevant here. Rule 30(c)(2) states in part:

A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Rule 30(d)(2) states in part:

The court may impose an appropriate sanction – including the reasonable expenses and

attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent.

Rule 30(d)(3) states in part:

At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.

Applying those rules, Plaintiff's Motion for Sanctions as it relates to Ms. Jansky's deposition and Non-Party Deponents' Motion to Terminate Deposition are both denied, and Non-Party Deponents' Second Motion for Protective Order is granted in part and denied in part.[1]

It is easy to see that the dispute at Ms. Jansky's deposition resulted from the attorneys' mistrust and difficulty in working cooperatively to date. What began as routine background questioning appeared to Ms. Jansky's counsel to be veering off into a prolonged examination of a decision made ten years prior to the promotion decision at issue in this case. (Jansky Dep. at 41.) In light of plaintiff's extremely broad discovery requests, that was not an unreasonable concern. Ms. Jansky's counsel stated that she was instructing her client not to answer in order to enforce limits on discovery expressed in this court's earlier rulings, particularly temporal and geographic limitations. (*See id*. at 18, 25, 40, 41.) Things then escalated into an argument with both sides digging in their heels and plaintiff's counsel leaving the deposition.

The court concludes that Ms. Jansky's counsel was acting in good faith in believing she was enforcing the limits imposed on discovery. Furthermore, Ms. Jansky and the other non-party deponents promptly brought their motion under Rule 30(d)(3) to obtain an determination of the issue. Ms. Jansky's counsel did not otherwise impede or obstruct the deposition, because Ms. Jansky offered to answer questions on other topics, but plaintiff's counsel was not willing to continue questioning on other topics. (Jansky Dep. at 42-43.) Ms. Jansky's counsel's conduct does not warrant sanctions.

Plaintiff initially argues that the earlier discovery rulings cannot set the limits of deposition discovery in the absence of a general referral for discovery supervision. (Pl.'s Mot. Sanctions ¶¶ 9-13.) [Dkt 114.] That argument is moot; the motions have now been referred and the issue is before this court.

The real question is the substantive one: What are the limits of discovery from the non-party witnesses? Non-party deponents conclude from the various orders this court has entered that discovery is limited to matters from 2004 forward, concerning the rank of captain and in District 5 where plaintiff worked. (Non-Party Deponents' Mot. Terminate Dep. at 3.) They ask that plaintiff's counsel be limited to questions about matters occurring from 2004 to 2009 at the rank of captain and about any direct participation by the non-party deponents to matters alleged in plaintiff's complaint. (*Id*. at 10-11.) Plaintiff protests that such a limitation would preclude her from asking about even "typical background information." (Pl.'s Opp'n to Mot. Terminate Dep. at 2.)

There was little discussion at the deposition about how far plaintiff's counsel intended to go with the questioning about Ms. Jansky's unsuccessful 1999 application. At the time, plaintiff's counsel stated, "I'm trying to get background information on – from the captain about her experience at the Illinois State Police. That's all I'm trying to do." (Jansky Dep. at 42.) But plaintiff's motion goes further than just finding out about Ms. Jansky's background. In her motion, plaintiff argues that she is entitled to discovery about the

# STATEMENT

1999 decision in which Ms. Jansky was initially passed over for the captain position, not as background about Ms. Jansky, but as a discovery topic in its own right. (Pl.'s Mot. Sanctions ¶ 5.)[2]

It is now clear that plaintiff is seeking to explore the circumstances around Ms. Jansky's 1999 application as substantive evidence to support her assertion that "it is a widespread practice for the ISP to promote men over better qualified female officers." (Pl.'s Mot. Sanctions ¶ 1.) Plaintiff argues that the Seventh Circuit's recent decision in *Coleman v. Donahoe*, ___ F.3d ___, 2012 WL 32062 (7th Cir. Jan. 6, 2012), supports her right to do so. *Coleman* is not on point here. In that case, the Seventh Circuit concluded that the district judge drew the line too narrowly in determining who was a "comparator," that is, a "similarly situated individual who was not in the protected class [and] was treated more favorably than the plaintiff." *Id*. at *6 (quoting *Burks v. Wisconsin Dep't Transp.*, 464 F.3d 744, 750-51 (7th Cir. 2006)). Ms. Jansky is not a "comparator" to plaintiff in the traditional sense, because she is a member of the same protected class. In this failure-to-promote case, the logical comparator is the successful male applicant. *See, e.g., Brown v. Alabama Dep't Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010); *Cordon v. Centex Homes*, 2011 WL 2975545 at *4 (N.D. Ill. July 15, 2011) (stating that in a failure to promote case, the plaintiff must show that she was qualified for the position and the promotion was given to similarly situated (or less qualified) employees who were not in the protected class).

Furthermore, it is undisputed that Ms. Jansky's role in plaintiff's application was limited to participating in the panel that interviewed both plaintiff and the successful applicant, and rated them both "highly qualified." (Non-Party Deponents' Mot. Terminate Dep. at 10 n.4.)

Given the fact that Ms. Jansky's 1999 application was ten years prior to plaintiff's, took place in a different district (District 6 rather than plaintiff's District 5), and likely had different decision-makers, the court has reservations about the admissibility of evidence regarding that application as substantive proof of discrimination in this case. Nonetheless, it is part of Ms. Jansky's background and, *as such*, is within the reasonable scope of discovery.

Accordingly, the Non-Party Deponents' Motion to Terminate the Deposition of Ms. Jansky is denied. That deposition may be resumed if plaintiff wants to continue questioning for the time remaining. The Non-Party Deponents' Motion for a Protective Order is granted in part: The non-party deponents' depositions are limited to six (6) hours. Because Ms. Jansky sat for approximately an hour, plaintiff has 5 hours remaining for her deposition.

The Non-party Deponents' Second Motion for Protective Order is granted in part as follows: Plaintiff's counsel may question Ms. Jansky and the other non–party witnesses about their backgrounds, including any decisions about promotions in which the witness participated as a decision-maker, and any positions for which the witness applied successfully or unsuccessfully, as part of questioning about the witness's background. However, the deponents will not be required to produce documents relating to any decisions other than the decision regarding the plaintiff, and plaintiff may not take any further discovery with respect to any promotion decision (other than the plaintiff's) described by the witnesses without first obtaining leave of court by bringing a motion specifying the particular discovery to be taken and showing that such discovery is reasonably likely to lead to admissible evidence.

1. Plaintiff's motion also asks for sanctions related to the deposition of defendant Mark Maton. A briefing schedule has been set on that. (Order, Jan. 13, 2012.) [Dkt 126.] Because the motion is being denied as to sanctions relating to Ms. Jansky's deposition, no response is required to that portion of the motion.

2. Plaintiff refers to Ms. Jansky has having been "passed over for District Commander in favor of a male . . . ." (Pl.'s Mot. Sanctions ¶ 5.) The testimony is quite confusing, with plaintiff's questioning using "commander" and "captain" at times as if they are distinct and at times as if they are interchangeable. (*See* Jansky Dep. at 8-13.) It appears, however, that "commander" is a position and "captain" is a rank. It also appears that Ms. Jansky was not passed over for District Commander in 1999. She testified she was made acting commander of District 6 in 1999 and has been the commander since 1999. (*Id*. at 8.) She was not promoted to captain the first time she applied in 1999, but was promoted in 2002. (*Id*. at 14-15.)