Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1935 | **DATE** | 3/19/2012 |
| **CASE TITLE** | Oseman-Dean vs. Illinois State Police et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's Motion for Sanctions Pursuant to This Court's Order Dated December 19, 2011 and Fed. R. Civ. P. 30(d)(2) [114] is denied as it relates to the deposition of Marc Maton. This ruling concludes all matters relating to that motion. All matters relating to the referral of this matter having been concluded, the referral is closed and the case is returned to the District Judge.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

---

### STATEMENT

Plaintiff Jody Oseman-Dean's motion is based on objections made by counsel at the depositions of non-party Suzanne Jansky and defendant Marc Maton. Those deponents were represented by different counsel. The motion was previously denied as it relates to the deposition of Ms. Jansky. (Order, Jan. 24, 2012.) [Dkt 134.]

The motion was taken under advisement as it relates to counsel for defendant Maton because defendants' counsel had previously been the subject of another motion related to conduct at depositions. Plaintiff had previously obtained an order granting her motion to compel defense counsel not to make improper objections during depositions. (Order, Dec. 27, 2011.) [Dkt 103.]

However, the conduct plaintiff complains of was different in the two motions. In the first motion, plaintiff complained that defense counsel had objected that a question was "speculation" and had made improper speaking objections. (Pl.'s Emergency Mot. to Compel Defense Counsel not to Make Improper Objections During Dep. ¶¶ 3, 4.) [Dkt 102.]

The current motion, however, complains that defense counsel refused to let Maton answer questions asking about promotion decisions other than the one at issue in this case and decisions that took place in districts other than District 5. (Pl.'s Mot. ¶ 6; Def. Counsel's Resp. Opp'n to Pl.'s Mot. Sanctions ¶ 4 [dkt 144].)[1] That is the same issue that arose in connection with the deposition of Suzanne Jansky and certain other non-party witnesses. (*See* Order, Jan. 24, 2012 at 1, 3-4.) As in that situation, the court finds that defendants' counsel's objection was based on a good faith belief that previous discovery rulings in late 2011 had limited the proper scope of inquiry. Any misunderstanding about the proper scope has now been

## STATEMENT

clarified in that January 24, 2012 Order.

     Defendants' counsel invited plaintiff's counsel to continue Maton's deposition on other topics and it appears that it has been completed.  The court concludes that this is not an appropriate circumstance for the imposition of sanctions, and the plaintiff's motion is, accordingly, denied.  However, the transcript portion attached to the deposition prompts the court to remind all counsel that politeness and courtesy are two hallmarks of a professional.

1.  It is not clear from the portion of Maton's deposition transcript attached to the motion what promotion decision was being discussed.  (Pl.'s Mot., Ex. C.)  Plaintiff's motion describes it as only "another promotion decision in which he – Mr. Maton, a named defendant – was involved in which a woman received a promotion to captain under what appear to be suspicious circumstances."  (Pl.'s Mot.¶ 6.)